J. L. Gates Land Co. v. Ostrander, 124 Wis. 287.

---

J. L. GATES LAND COMPANY, Appellant, vs. OSTRANDER and others, Respondents.

*February 2—February 21, 1905.*

*Contracts: Specific performance: Statute of frauds: Oral agreement for sale of lands: Part performance.*

1. The plaintiff corporation having an option to purchase certain lands, an oral agreement was made between it and defendants' agent that defendants would purchase the lands from the owner and, after removing the timber, convey them to plaintiff for a certain price stated in plaintiff's written offer, which, with the oral agreement, was to be submitted to one of the defendants personally for acceptance. The written offer was retained by said defendant but never accepted in writing. Acting upon the oral agreement with the agent, plaintiff relinquished its option to purchase the lands. Plaintiff knew that the agent had no authority to purchase lands for defendants as contemplated by that agreement. The lands were then purchased by defendants, who afterwards refused to convey to plaintiff. *Held,* that there was no completed contract between the parties of which specific performance could be enforced.

2. Plaintiff's relinquishment of its rights under the option to purchase, before the proposed oral agreement had been accepted, was not an act of part performance under and in pursuance of an agreement with defendants so as to constitute a basis for enforcing specific performance.

3. There being facts from which the inference is legitimate that plaintiff may have relinquished its option because it did not intend to purchase the lands upon the terms thereof, such re-

linquishment cannot be held clearly and exclusively referable to, and done in pursuance of, the oral agreement, so as to warrant the enforcement of specific performance.

APPEAL from a judgment of the circuit court for Gates county: JOHN GOODLAND, Judge. *Affirmed.*

This is an action by the plaintiff, a corporation of this state, to enforce the specific performance of a parol contract to convey real estate. The complainant alleges that it made a contract with the defendants to purchase certain lands and that defendants now refuse to convey the lands covered by its terms. The complaint sets out that plaintiff in the year 1900 was engaged in the business of buying and selling wild lands in northern Wisconsin which were suitable for agricultural purposes; that it procured an option from the French Lumbering Company, of Ingram, Wisconsin, upon a large tract of timber land owned by that company, which option entitled plaintiff to purchase said property at a stated price; that, with the view of securing the lands in the form of stump lands, it secured to itself, for a limited time, control of the sale and disposition of these lands to such other parties as it might select; that in the month of November, 1900, one *E. D. Van Etten*, acting as agent of the defendants in the purchase of suitable tracts of timber in Wisconsin, with a view of conducting a lumber business, negotiated with plaintiff to secure the timber on the lands covered by plaintiff's option upon the French Lumbering Company's lands; that with plaintiff's consent *E. D. Van Etten* negotiated with the lumbering company for the purchase of its entire property, consisting of lands, a town plat, stock of merchandise, buildings, and improvements, situated at Ingram, Wisconsin, and obtained an offer from the lumbering company to sell all this property to defendants at a specified price, upon the condition that plaintiff would agree to purchase the lands at a satisfactory price after the merchantable timber had been removed, which contract he, as agent, approved and

accepted subject to defendants' approval; and that this oral contract so made by *E. D. Van Etten,* acting for his principals, and plaintiff, acting through its president, J. L. Gates, on November 13, 1900, was as follows:

"(1) That the said plaintiff would relinquish its interest in said lands, and notify the said French Lumbering Company thereof, and give the latter company authority to go on and complete a sale and transfer of said property to the parties in whose interests the said *E. D. Van Etten* was acting as aforesaid.

"(2) That said plaintiff should execute and deliver to said *E. D. Van Etten,* for the benefit of his principals, and that the said *E. D. Van Etten* should accept, for his principals, a writing of the purport and effect of the written agreement of *James L. Gates Land Company,* bearing date on that day, and hereinafter set forth in full.

"(3) That the principals of said *E. D. Van Etten,* in consideration thereof and of the said relinquishment of the plaintiff, would, as soon as the said French Lumbering Company transferred to them the property aforesaid, so as to enable him or them to execute to the plaintiff a contract for the conveyance to it of the property described in said written agreement of the plaintiff, execute and deliver to the plaintiff such contract for the conveyance thereof to the plaintiff upon the terms therein mentioned."

The complaint further alleges that in pursuance of and as performance upon its part of the terms of said oral agreement, the said plaintiff immediately notified the French Lumbering Company aforesaid that the plaintiff relinquished its interest in said lands, and executed and delivered to the defendant *E. D. Van Etten,* for the benefit of his principals, the written agreement hereinbefore referred to, and of which the following is a copy:

"Chippewa Falls, Wis., Nov. 13, 1900.
*"Mr. E. D. Van Etten:*

"In consideration of your purchase of the French Lumbering Co.'s lands and plant at Ingram, Wis., consisting of 147½ forties of land, we hereby agree to take said land off your

hands as soon as you get the timber off, and pay you for said land at about the rate of $2.60 per acre; that is, we will take all the land leaving you the town site and all improvements thereon, paying you the sum of fifteen thousand ($15,000.00) dollars for the said land consisting of about six thousand acres in Townships 35, 3 West, 35, 4 West, 36, 3 West, 36, 4 West.

"Respectfully,      J. L. GATES LAND Co.

"By J. L. GATES, President."

It is further alleged that *E. D. Van Etten* accepted for defendants the above written memorandum of November 13, 1900, on the day it bears date, and that he immediately transmitted and delivered it to *H. A. Ostrander,* one of the defendants, who retains and now holds it, and who, by virtue of it and the surrender of plaintiff's option from the French Lumbering Company, was enabled to and did make on November 15, 1900, an executory contract with the French Lumbering Company for the purchase of the lands covered by the option, and who consummated the purchase on November 30, 1900, by acquiring all the title and interest in and to these lands for the benefit of the defendants.

The complaint further sets forth that the interest held by plaintiff under the option so relinquished was of great value, namely, the sum of $15,000, which sum formed the consideration of the agreement under which defendants agreed to convey to plaintiff the title to the stump lands so acquired by it from this lumber company, and that defendants now refuse to comply with the terms of this parol contract, notwithstanding the fact that the timber has been cut and removed from large tracts of these lands; that plaintiff has tendered full performance of such agreement on its part; and that defendants' refusal to comply with this contract will operate to the great and irreparable injury of plaintiff. It therefore asks that the contract be enforced specifically, and, in so far as such relief cannot be granted by reason of defendants' acts in the matter, that the court grant such other equitable relief as may be found just.

Upon the hearing of the case in the trial court it was stipulated as a fact that defendants had never, in writing, accepted plaintiff's offer of November 13, 1900, and the complaint was deemed amended to that effect. No evidence was received in the case, and judgment dismissing the action was awarded by the court. From this judgment plaintiff appeals.

For the appellant there was a brief by *Ryan, Hurley & Jones,* attorneys, and *John Barnes,* of counsel, and oral argument by *M. A. Hurley.*

*W. M. Bowe,* for the respondents.

SIEBECKER, J. The object of the action is to enforce specific execution of an alleged parol contract for the sale of lands. It is averred that the defendant is precluded from insisting upon the statute providing that "every contract . . . for the sale of any lands or any interest in lands shall be void unless the contract or some note or memorandum thereof, expressing the consideration, be in writing and be subscribed by the party by whom . . . the sale is to be made or by his lawfully authorized agent" (sec. 2304, Stats. 1898), for the reason that the plaintiff has in part performed the agreement.

The material facts relied on are that plaintiff had an option to purchase the lands from the French Lumbering Company, the owner of them at the time the alleged agreement was made; that one *E. D. Van Etten,* as agent of the defendants, made a parol contract with plaintiff whereby it was agreed that defendants should purchase these lands from the French Lumbering Company upon the terms and conditions of an offer the lumbering company had made to *Van Etten* as agent of defendants; that, as soon as defendants had removed the merchantable timber therefrom, the lands should be conveyed to plaintiff at the price specified in plaintiff's written offer for the purchase of these lands from defendants. It is further alleged that this agreement, with the offer of purchase, was to be submitted to the defendant *Ostrander* per-

sonally for acceptance; that he never accepted it in writing, but that he retains this written offer; that plaintiff, acting upon the agreement made with the agent *Van Etten*, relinquished its rights under the option then held by, it for the purchase of the lands. The fact also appears that James L. Gates, acting as plaintiff's authorized officer, had full knowledge that *Van Etten* had no authority to purchase lands for defendants as contemplated by this agreement.

In actions for the specific performance of parol contracts for the sale of lands, the primary and fundamental requisites are that a contract be established possessing all the elements and features necessary to a specific enforcement, and that the contract sought to be enforced upon part performance be fully made and completed in all its terms except the written memorandum required by the statute. 1 Story, Eq. Jur. § 767; Pomeroy, Spec. Perf. secs. 110, 145; Pomeroy, Eq. Jur. § 1409, and note.

It is contended that the facts alleged show that a completed contract was entered into between plaintiff and defendants, whereby defendants agreed to convey the lands to plaintiff upon the terms specified. The facts alleged are that the agent of defendants entered into this contract for the sale of lands subject to his principals' approval, and that such agent delivered plaintiff's written offer for the purchase of these lands to defendants, but who neither personally nor through such agent assented to such proposed agreement. It is true defendants did not return the written memorandum of plaintiff's offer to purchase; but there was no express agreement that such retention of the memorandum should be an acceptance of the proposed contract, nor does it follow that such is the effect by necessary implication. As a matter of fact the parties made no agreement. The transactions between the plaintiff's president and defendants' agent, in legal effect, were no more than the preliminary negotiations for an agree-

ment, which failed of consummation by the refusal of defendants to accept it. If plaintiff, relying on the assurances of defendants' agent, acted on such preliminary agreement, it is no ground for invoking this form of equitable relief, which is only granted when it clearly appears that a contract has been, in all its elements, fully completed between the parties, except reducing it to writing. The facts alleged fail to establish that a contract for the purchase of these lands by plaintiff was ever accepted or agreed to by defendants, personally or by any authorized agent for them.

Under this state of the case plaintiff is not legally aided by the fact that the lands were subsequently purchased by defendants. Plaintiff relinquished its rights under the option for the purchase of these lands upon the proposed agreement as made between it and defendants' agent; its representative being at the time fully informed that the agent had no authority to buy lands for the defendants, and that the contract had not been approved or sanctioned by them. The relinquishment of plaintiff's option from the French Lumbering Company, under these circumstances, is not an act of part performance under and in pursuance of an agreement between plaintiff and defendants. It was in fact a prior act done in anticipation of the acceptance of the contract by defendants. Plaintiff's representative was bound to know whether a valid and completed agreement had been actually made between himself and defendants, except reducing it to writing, when the alleged act of part performance took place. The rule is that the acts of alleged performance must be obviously and solely done in reliance on, and under the obligations of, an established parol contract. *Park v. M., St. P. & S. S. M. R. Co.* 114 Wis. 347, 89 N. W. 532; 1 Story, Eq. Jur. § 762; Pomeroy, Spec. Perf. sec. 108; *Lydick v. Holland,* 83 Mo. 703.

Another fundamental requisite is that the part perform-

ance relied on for specific execution of the contract "must be clearly and exclusively referable to, and in performance of, its terms." If the alleged acts of performance are reasonably explicable upon some other grounds, then they are not sufficient to take the case out of the statute. Plaintiff insists that its relinquishment of its interest in these lands under the option was done solely with a view to the performance of this agreement. It is alleged, however, that the option contract obtained from the French Lumbering Company entitled plaintiff to purchase said property at an agreed price for a stated period of time, that the lumber company would not sell the timber separate from the lands, and that plaintiff was willing and ready to purchase the stump lands covered by the option. It is not alleged that plaintiff had decided to buy the lands with the timber thereon, under the option, but it is stated that it did not want the lands with the timber; clearly tending to negative a purpose to make such a purchase as the option contract provided. From these facts the inference is legitimate that it may have relinquished the option because it did not intend to purchase these lands upon the conditions of the option. Under such circumstances the relinquishment of the option cannot be held as clearly and exclusively referable to, and as done in pursuance of, the alleged contract for the sale of the lands between it and the defendants. As stated by Chancellor KENT in *Phillips v. Thompson,* 1 Johns. Ch. 131:

"It is well settled that, if a party sets up part performance to take a parol agreement out of the statute, he must show acts unequivocally referring to, and resulting from, *that agreement*—such as the party would not have done unless on account of that very agreement, and with a direct view to its performance. . . . There must be no equivocation or uncertainty in the case."

Plaintiff has failed to establish satisfactorily and clearly that an agreement for the sale of lands was made as claimed, and that the acts alleged as part performance are exclusively

referable to, and done in performance of, the alleged contract. The court ruled correctly in holding that the complaint does not state a good cause for the specific enforcement of an alleged contract for the sale of lands.

*By the Court.*—Judgment affirmed.