Colt v. Paulson, 145 Wis. 214.

COLT, Respondent, vs. PAULSON, Appellant.

*February 2—February 21, 1911.*

*Deeds: Construction: Extrinsic evidence: Water power: Injunction: Judgment: Determination of matters not in issue.*

1. To aid in the interpretation of a deed granting certain rights relative to a mill-dam, pond, and the use of power, oral evidence of extrinsic facts and circumstances existing at the date of the grant, including the location, size, and description of the dam, mills, waste-gates, etc., was admissible.

2. In an action for an injunction compelling removal of a cofferdam built by defendant in a mill-pond and restoration of a waste-gate closed by him, and restraining the doing of such acts in the future, it was not error, upon granting such relief, to refuse to find and adjudge defendant's rights in other particulars with respect to the water power, when such adjudication was not necessary.

APPEAL from a judgment of the circuit court for Waushara county: CHAS. M. WEBB, Circuit Judge. *Affirmed.*

For the appellant the cause was submitted on the brief of *Phillips & Hicks.*

For the respondent there was a brief by *George B. Heaney* and *Perry Niskern,* and oral argument by *Mr. Niskern.*

TIMLIN, J. In 1893 the plaintiff's ancestor executed to defendant a warranty deed of certain riparian land. The deed contained the following:

"Does also include in this sale the right also to have the use of water from the mill-pond sufficient to run a forty-inch turbine water wheel, said wheel and the flume leading thereto being kept in good order by the party of the second part and the head or surface in said pond being controlled by the party of the first part, who agrees to keep the head of water at or as near as possible the ordinary stage kept to run the flour mill, except that either party shall have the right to draw down the pond to make repairs by giving three days' notice, and said repairs to be finished without needless delay."

Plaintiff brought this suit for an injunction to compel defendant to remove a cofferdam he had placed in the millpond, to restore a waste-gate he had closed in the dam at a specified place, to remove a building he had so constructed as to interfere with plaintiff's opening of a waste-gate in the dam, and to restrain the doing of such acts in the future, and for other relief. The dam is across Pine river at the head of an island, and the plaintiff has a grist-mill at the south end of the dam, the defendant a sawmill at the north end thereof, both mills drawing for power on the pond formed by this dam, and both parties to the action acting under the instrument above mentioned and the former title of plaintiff's predecessor in interest. The circuit court granted the relief sought with reference to the building which obstructed the opening of the waste-gate and the removal of the cofferdam and the restoration of the closed waste-gate or waste-way, and

enjoined the defendant from thereafter building or maintaining any dams or obstructions in the mill-pond or placing or maintaining any material therein except when immediately necessary to enable the defendant to make necessary repairs on his sawmill or the flume thereof, etc.

Error is assigned (1) because the court held the building by defendant of the cofferdam was unlawful; (2) because the court did not find the defendant owned the flume which he is required to maintain; (3) because the court admitted written evidence of plaintiff's title and also extrinsic oral evidence of facts and circumstances to aid in the construction of the instrument from which the foregoing excerpt is quoted.

The instrument in question does not grant to the defendant any right in the mill-pond or dam other than the use of the quantity of water mentioned with the privilege and duty of repairing or rebuilding his water wheel and flume and the right to draw down the pond for the purpose of making such repairs without needless delay. He has no doubt a proprietary interest in the flume constructed or repaired by him, but not the exclusive ownership thereof as against the plaintiff. It was very proper to show what contiguous property the grantor of defendant and ancestor of plaintiff had title to, including the dam and pond, when he made the conveyance in question, for the purpose of establishing that all which he did not grant away to defendant by the instrument in question remained his property and became the property of plaintiff. So, also, that at the time of the grant in question there was a mill-pond, a dam at the head of an island with a grist-mill at the south end of the dam and a sawmill at the north end of it, the location, size, and description of the flume, the height of the dam, and the location and size of waste-gates as they then were, and such like extrinsic facts and circumstances, were proper to be shown by parol evidence for the purpose of aiding in the interpretation of the written instrument. *Klueter v. Schlitz B. Co.* 143 Wis. 347, 128 N. W.

43; *Burton v. Douglass,* 141 Wis. 110, 123 N. W. 631; *Lyman v. Babcock,* 40 Wis. 503; *Nilson v. Morse,* 52 Wis. 240, 9 N. W. 1; *Ganson v. Madigan,* 15 Wis. 144; *Prentiss v. Brewer,* 17 Wis. 635; *Sawyer v. Dodge Co. Mut. Ins. Co.* 37 Wis. 503; *Sigerson v. Cushing,* 14 Wis. 527; 4 Wigmore, Ev. § 2470; *Nash v. Towne,* 5 Wall. 689; *Merriam v. U. S.* 107 U. S. 437, 2 Sup. Ct. 536.

It is suggested that the court erred in refusing to find and adjudge that the defendant's right to use sufficient water to run a forty-inch turbine wheel and his obligation to maintain the flume and wheel is equivalent to ownership and not subordinate to the rights of the plaintiff. It was not necessary to so find. There is nothing adjudged against the defendant here or any of his rights except in the particulars in which the defendant is required to undo his former acts and refrain from like acts in the future, and as to these particulars the judgment appears to be right and should be affirmed.

*By the Court.*—Judgment affirmed.