HARDER, Appellant, vs. REINHARDT, Respondent.

*February 23—March 14, 1916.*

*Bills and notes: Delivery for special purpose: Evidence: Contemporaneous oral agreement: Recitals: Burden of proof.*

1. Under sec. 1675—16, Stats., in an action by the payee upon a promissory note, the maker was properly permitted to show a contemporaneous oral agreement pursuant to which the note was delivered conditionally and for a special purpose only and was not to be paid unless the amount thereof was collected by the maker in a certain suit to foreclose a mechanic's lien. Such evidence did not tend to vary or contradict the written contract.
2. The words "being money loaned me October 21, 1912," contained in such note, constituted a recital or statement of the consideration and placed upon the maker the burden of proving the real nature of the transaction.

APPEAL from a judgment of the circuit court for Milwaukee county: CHESTER A. FOWLER, Judge. *Affirmed.*

This action was brought by the plaintiff, *Harder,* against the defendant, *Reinhardt,* upon a promissory note, of which the following is a copy:

"$800. Milwaukee, Wis., April 14, 1913.

"For value received six (6) months after date I promise to pay to *Frank J. Harder,* or order, at Milwaukee, Wisconsin, eight hundred dollars ($800), with interest at the rate of —— per cent. per annum until paid, being money loaned me October 21, 1912.

"Witness: Oscar Bing. C. H. REINHARDT."

The answer admitted the making of the note, but alleged

facts tending to show that it was delivered for a special purpose only and not to be paid by the defendant except under the conditions hereinafter set out. The facts were these: One Pettigrew, a son-in-law of Daniel W. Bloor, entered into a contract with the defendant for the construction of a building. The property, when the building was completed and its cost ascertained, was to be deeded by Pettigrew to Bloor. The plaintiff was a real-estate man, had transacted business for Bloor, and acted for Pettigrew and Bloor in making payments as the same became due under the contract, the payments to be made out of funds to be furnished by Bloor. One payment of $700 had been made by plaintiff pursuant to the arrangement, and the defendant had demanded a second payment from plaintiff as the agent of Bloor. Plaintiff, having no funds in his hands belonging to Bloor, gave to the defendant his personal check on October 21, 1912, for $800, writing across the lower left-hand corner thereof the words "Pettigrew account," and charged the same to Bloor's account in his ledger. Shortly after the giving of the check and before any funds belonging to Bloor had come into plaintiff's hands, and on the 8th day of November, 1912, Bloor died. Thereafter plaintiff and defendant sought to collect the several amounts due them. It was proposed that the plaintiff and defendant should file claims against the estate of the deceased Bloor in county court. But after some discussion and counsel with attorneys, it is claimed by the defendant that it was agreed he should file a claim for a mechanic's lien against the property and include therein the $800 advanced to him by the plaintiff, and that the note in question was given upon the understanding that it was not to be paid unless the $800 was collected in the lien suit. The plaintiff claimed the advancement was in fact a loan and that it was so agreed between the parties at the time it was made. The jury found against the plaintiff's contention. The plaintiff does not attack the verdict as unsupported by the evidence and the verdict stands as a verity in the case.

The jury by its verdict found (1) that it was understood between the parties at the time plaintiff gave the $800 check to defendant that plaintiff was advancing the money on the Bloor contract and that plaintiff was to look to Bloor and not to defendant for reimbursement; (2) that it was agreed between the parties that the defendant, for the benefit of the plaintiff, should include the $800 claim of plaintiff against Bloor's estate in his mechanic's lien foreclosure suit brought to enforce against the premises his claim for money due for constructing the building for Bloor; (3) that the note in suit was given for the purpose of using it to further recovery of the $800, together with defendant's claim of $1,201, in the mechanic's lien foreclosure suit, and with the understanding between the parties that the note would not be used against the defendant nor the amount thereof demanded from him unless the plaintiff should recover the full $2,001 in the foreclosure suit.    Upon the verdict judgment was rendered for the defendant, and plaintiff appeals.

The cause was submitted for the appellant on the brief of *Adolph Kanneberg,* and for the respondent on that of *Hannaford & Brown.*

Rosenberry, J.    Plaintiff objected to any evidence of the facts found by the special verdict, on the ground that it was incompetent, irrelevant, and immaterial and in conflict with the contract; that it was not in writing; and that it tended to contradict the written contract of the parties.    The objection made at the beginning of the trial was renewed throughout its course and the question preserved by appropriate motions and exceptions, and the sole question to be determined on this appeal is whether or not the evidence of the oral agreement made between the parties at the time of the making and delivery of the note was properly received by the trial court.

Sec. 1675—16, Stats., reads as follows:

"Every contract on a negotiable instrument is incomplete and revocable until delivery of the instrument for the pur-

pose of giving effect thereto. As between immediate parties, and as regards a remote party other than a holder in due course, the delivery, in order to be effectual, must be·made either by or under the authority of the party making, drawing, accepting or indorsing, as the case may be; *and in such case the delivery may be shown to have been conditional, or for a special purpose only, and not for the purpose of transferring the property in the instrument.* But where the instrument is in the hands of a holder in due course, a valid delivery thereof by all parties prior to him so as to make them liable to him is conclusively presumed. And where the instrument is no longer in the possession of a party whose signature appears thereon, a valid and intentional delivery by him is presumed until the contrary is proved."

In the case of *Paulson v. Boyd,* 137 Wis. 241, 118 N. W. 841, approving *Hodge v. Smith,* 130 Wis. 326, 110 N. W. 192, the facts in the *Paulson Case* being in many respects similar to those in the instant case, this court stated the law in the following language:

"It is familiar law, notwithstanding some conflict in the authorities, that a person may manually deliver an instrument, though it be in the form of commercial paper, to another, on its face containing a binding obligation *in præsenti* of such person to such other, with a contemporaneous verbal agreement that it shall not take effect until the happening of some specified event, and that the paper, as between the parties, will have no validity as a binding contract till the condition shall have been satisfied; and that proof of such condition does not violate the rule that a written instrument cannot be varied by a contemporaneous parol agreement; that such evidence only goes to show that the instrument never had vitality as a contract."

The trial court was clearly right in admitting the evidence concerning the making of the contemporaneous oral contract and within the rule above set forth. The evidence admitted by the trial court did not tend to vary or contradict the written contract, but tended to establish the fact that the note was delivered conditionally and for a special purpose only.

The words "being money loaned me October 21, 1912,"

contained in the note, constituted a recital or statement of the consideration for which the note purported to be given and placed the burden upon the defendant of proving the true nature of the transaction, which burden the defendant assumed and met with satisfactory competent evidence.

For a case distinguishing between recitals and contractual elements see *Conant v. Estate of Kimball,* 95 Wis. 550, 70 N. W. 74; that a recital is not a part of a deed, *Clark v. Post,* 113 N. Y. 17, 25, 20 N. E. 573; that a statement of the consideration for a contract may be explained or contradicted, see *Crowe v. Colbeth,* 63 Wis. 643, 24 N. W. 478; *Halvorsen v. Halvorsen,* 120 Wis. 52, 97 N. W. 494; *Mueller v. Cook,* 126 Wis. 504, 105 N. W. 1054; *Kipp v. Laun,* 146 Wis. 591, 131 N. W. 418; 4 Wigmore, Evidence, § 2433. The evidence was properly received and the judgment should be affirmed.

*By the Court.*—Judgment affirmed.