ZUEHLSDORF, Respondent, v. NELSON and wife, Appellants.

*June 1—June 26, 1959.*

598

For the appellants there was a brief by *Vaudreuil & Vaudreuil* of Kenosha, and oral argument by *Leo E. Vaudreuil.*

For the respondent there was a brief by *Antaramian & Antaramian,* attorneys, and *Cavanagh, Mittelstaed, Sheldon, Heide & Hartley* of counsel, all of Kenosha, and oral argument by *William A. Sheldon* and *Martin B. Antaramian.*

FAIRCHILD, J.   Plaintiff, defendants, and Mrs. Burt testified as to the conversations at the time plaintiff furnished the money for the down payment and title was conveyed to defendants.  While their recollections were not identical, there was ample support for the court's findings as to the promise made by the defendants, and its finding that plaintiff was induced to furnish the money by their promise.  The court

did not make a specific finding that there was a confidential relationship between plaintiff and defendants, but it is sufficiently clear that that was the fact and that the court so treated it.

This court has approved the use of equity powers to nullify a conveyance by a father to a son in reliance upon the son's promise, later broken, to provide support. *Glocke v. Glocke* (1902), 113 Wis. 303, 89 N. W. 118. In the case before us defendants' original equity in the property was furnished by the mother. The situation is not identical to the conveyance of an entire property upon the strength of like promises, but it is similar in essence.

This court has approved subjecting property to an equitable lien where a mother provided money to a son on the faith of his promise, he used it for the purchase of property, and failed to keep his promise. *Poole v. Tannis* (1908), 137 Wis. 363, 118 N. W. 188. It is true that the broken promise in that case was a promise to give a mortgage, but the court did not impose the lien upon the theory of specific performance of the promise, the terms of the promise to mortgage not having been sufficiently definite. It is clear that it was the breach of a promise upon which the mother had relied in furnishing the money which was considered a basis for an equitable lien.

If the terms of the note constituted the entire agreement reached by the parties, then a different outcome would be required.

All the witnesses testified in substance that the defendants agreed to provide a home for plaintiff. The note, indicating that the transaction was a loan with a promise by defendants to repay, was at variance with the oral testimony. There is testimony suggesting that Mrs. Burt's lawyer at first assumed that the plaintiff would take title in her own name,

and that when plaintiff informed the lawyer that her son was going to provide a home for her and that she trusted him, the lawyer prophetically warned her that she might find herself turned out of the home and said, "You take out a note to protect your money because if you don't get a home for the rest of your life your note will be good."

From the testimony it could properly be concluded that the parties intended that plaintiff had the right to the return of her money only if she were evicted by defendants. As between the immediate parties, the delivery may be shown to have been conditional, or for a special purpose only. Sec. 116.20, Stats.; *Harder v. Reinhardt* (1916), 162 Wis. 558, 156 N. W. 959. The note cannot help defendants unless it expresses the entire obligation undertaken by defendants to plaintiff at the time the property was purchased. It is clear that the entire agreement was not reduced to writing, and parol evidence may be received to establish the part of an agreement which was permitted by the parties to remain in parol. *Miller v. Koebernick* (1959), 6 Wis. (2d) 187, 189, 94 N. W. (2d) 639.

Defendants argue that the record does not support the judgment, particularly because of the stipulation by counsel at the outset that the only issue was whether there was a resulting trust. We think that the circuit court handled the matter without any abuse of discretion. Defendants were informed by plaintiff's brief after trial of the change in the theory of her case. The court gave both parties full opportunity to present additional evidence and to amend the pleadings. Defendants felt that nothing more was necessary than to show the value of the room and board furnished plaintiff and her husband. The court ordered the complaint amended to conform with the proof and, as has been stated, it is our opinion that the proof supports the judgment.

The only point raised by the additional evidence offered by defendants is whether it was error not to offset against the amount allowed plaintiff the reasonable value of the accommodations furnished to her and to her husband. Defendants' agreement was to support plaintiff for life, which might have been for a short period or might go on for many years. They did not perform their agreement although they apparently performed long enough so that at a reasonable rate of charge, the $4,000 would have been substantially repaid if that had been the agreement. To charge plaintiff with the reasonable value would in effect change the agreement between the parties from one which assured her a place to live for life into an agreement for only a certain period. There are no circumstances here to make it equitable so to modify the agreement.

It appears that for several years defendants furnished something to plaintiff's second husband as well as to plaintiff. There is no evidence as to any understanding between plaintiff and defendants with reference to anything furnished to him.

*By the Court.*—Judgment affirmed.

MARTIN, C. J., took no part.