LOUIS A. WITZEL v. E. M. ZUEL and Another.[1]

October 30, 1903.

Nos. 13,566—(38).

**Price of Land Sold—Striking Out Parol Evidence.**

Lands were listed with defendants for sale on commission. They employed plaintiff to secure purchasers, for which he was to be paid a specified price per acre. Through plaintiff's negotiations sales were made for which he seeks compensation, whereby it became material to show the amount paid for several tracts. At the trial plaintiff gave oral evidence to establish the prices paid, without objection. Afterwards, when it appeared that executed contracts for sales expressed therein the consideration paid for each tract, defendants moved to strike out the entire testimony of plaintiff relative to such sales without specifying the particular part though a portion thereof was not objectionable. *Held*, that the motion was properly denied, and upon the further ground that the consideration named in the contracts was not conclusive, but might be shown by parol.

**Misconduct of Counsel—New Trial.**

During the trial of the cause there were statements made by plaintiff's attorney in the presence of the jury to the effect that opposing counsel

[1] Reported in 96 N. W. 1124.

had made an admission decidedly injurious to the defendants' interests. These remarks were at once reproved by the court, who then instructed the jury to disregard the same, and disabuse their minds of any prejudicial. influence caused thereby. *Held* that, the impropriety of counsel having been properly corrected, the court was not, as a matter of law, required to grant a new trial for such misconduct.

Action in the district court for Blue Earth county to recover $855 and interest for services in procuring purchasers for defendants' lands. The case was tried before Cray, J., and a jury, which rendered a verdict in favor of plaintiff for $479.15. From an order denying a motion for a new trial, defendants appealed. Affirmed.

*W. A. Funk and W. R. & C. D. Geddes,* for appellants.

*Thos. & Evan Hughes,* for respondent.

LOVELY, J.

Defendants, a partnership, were engaged in the sale of real estate on commission for the owners. The firm authorized plaintiff to solicit and procure purchasers of their listed lands. For his services he was to have from his employers as compensation a designated price for each acre sold. Defendants, upon the issue tendered in the pleadings, claim that the only contract between the parties relative to plaintiff's pay was in writing, by which he was to have a less sum per acre than he claimed under a subsequent alleged change in the written agreement. Several sales through the instrumentality of plaintiff were admitted. As to another it was claimed that plaintiff, by fraudulent representations, induced a purchaser to deal directly with the owners, whereby defendants lost their commissions, amounting to a substantial sum, which it was sought to offset against plaintiff's claim. The cause was tried to the court and a jury. Plaintiff had a verdict, which materially reduced his demands. Upon a settled case there was a motion for a new trial, which was overruled. From this order defendants appeal.

The contention upon the evidence presented an issue as to whether there had been a parol modification of the admitted written agreement between the parties, whereby, under the new arrangement, plaintiff was to be allowed a larger amount per acre for the sales secured by him than was provided for in the executed instrument. There was also a question of fact whether the acts arising from the conduct of plaintiff in dealing

directly with the owners instead of through the defendants had been adjusted. Upon these issues the evidence fairly and reasonably presented questions for the jury, and the verdict was not so palpably against the weight of evidence that the order of the trial court must be reversed for that reason.

Several assignments are based upon the refusal of the trial court to grant blanket motions to strike out all the testimony of plaintiff concerning the sales, which included evidence of the prices paid for the tracts sold by the purchasers, upon the ground that the contracts with · such purchasers had been reduced to writing. The court did not err in denying this motion for the very sufficient reason that a portion of the evidence was not objectionable, and it seems also clear that under any circumstances the amount of consideration for the lands designated in the written instruments referred to was not conclusive, but might be shown by parol.

It was claimed that the most serious error occurring at the trial was the alleged misconduct of plaintiff's counsel in remarks which were prejudicial to defendants, and for which the court should have ordered a new trial. After an objection to certain evidence as incompetent and hearsay, this colloquy occurred in the proceedings between counsel and the court: The attorney for plaintiff said to the attorney for defendants:

"You told me yourself, Mr. Funk, that this man Witzel [plaintiff] had a good case. Mr. Funk: I take exception to that remark of counsel, and I resent it. Mr. Hughes: Well, you know you did say so. The Court: Mr. Hughes, you can take that matter up on the street, but you, gentlemen of the jury, should not be influenced in the least by any talk that may be had between counsel. You should disabuse your minds of it all. It is highly improper that such remarks should be made. Mr. Funk: I apologize to the Court. Mr. Hughes: Yes, I do also, Your Honor."

The remarks of counsel for the plaintiff in referring to expressions of opinion by opposing counsel do not appear from the record to have been suggested by anything that occurred. They were unnecessary, decidedly improper, and called for the immediate notice and reprehen-

sion of the court, who applied thereto a most appropriate and sensible rebuke, doing all that could be justly required to correct any baneful effect that might have been produced. Nothing more appears to have been desired by defendants at the time. We cannot assume that the unauthorized statements of an attorney in the trial of a lawsuit would be more influential with the jury than the proper and temperate direction of the court to disregard the same, and we would not feel justified in holding that the court, who critically observed the course of the trial, and could better determine and judge of the effect produced by the impropriety, should set aside a verdict and order a new trial because counsel have indulged in improper and unjustifiable statements. Judicial investigation necessarily must be conducted under the supervising control of the presiding magistrate, who is entitled to and universally enjoys the esteem and respect of his co-ordinate servants in the administration of justice; hence we cannot presume that a jury has disregarded the timely admonition of the court where it has properly corrected the intemperate action of its officers, who acknowledge the justice of such reproval, and submit to its authority.

Order affirmed.