FRAME and others, Executors, Respondents, vs. ATTERMEIER and another, Appellants.

*November 16—December 5, 1911.*

*Contracts: Consideration: Parol evidence to explain writing: Bankruptcy: Partnership and individual estates: Dividends.*

1. Where an assignment recited that it was made in consideration of "one dollar and other good and valuable considerations," parol evidence of the negotiations leading up to the written agreement was admissible to show what such other considerations were.  Such evidence did not tend to vary or contradict the written instrument, but only to explain it.

2. Within the meaning of an agreement by which the assignee of certain claims against the bankrupt estate of a partnership was to pay to the assignor any amount in excess of five per cent. which might be received as a dividend from such bankrupt estate, a dividend paid to the assignee upon such claims was received from the bankrupt estate of the partnership, although the funds from which it was paid were derived from

the individual bankrupt estate of one of the partners, the as-
sets of whose estate were never formally transferred to the
assets of the firm estate. The only way in which firm creditors
could lawfully receive a dividend derived from the individual
estate of a partner was by virtue of a transfer, actual or con-
structive, to the partnership estate; hence a constructive trans-
fer by operation of law must be held to have been made.

APPEAL from a judgment of the circuit court for Milwau-
kee county: J. C. LUDWIG, Circuit Judge. *Affirmed.*

The following are the main facts in the case so far as they
relate to questions presented by this appeal. Further facts
will be stated in the opinion, where they are discussed: One
Richard Weaver was the owner of six promissory notes exe-
cuted by the firm of William Gerlach & Company, aggregat-
ing $15,744.34. In 1905 the firm was adjudged a bank-
rupt, and Weaver's claim filed against the estate in the bank-
rupt court was allowed at the amount stated. On or about
the 27th day of February, 1906, Weaver, by an instrument
in writing, sold his interest in said notes and claim to the
defendant *Attermeier* in consideration of one dollar and other
good and valuable considerations. On the next day the de-
fendant *LaBoule* signed and delivered a contract to Weaver
wherein, for a valuable consideration, he agreed that "in the
event that the creditors of William Gerlach & Company re-
ceived from the bankrupt estate of said William Gerlach &
Company a dividend of more than five per cent. upon claims
filed in said bankruptcy proceedings, within ten days after
said dividend is payable," he would pay to Richard Weaver,
his executors, administrators, or assigns, "any amount ex-
ceeding five per cent. declared and paid as dividends in said
bankrupt estate above mentioned which would be a dividend
upon claim of said Richard Weaver filed in said bankruptcy
proceedings on the 8th day of August, 1905, and amounting
in the aggregate to $15,744.34." The agreement further
provided that, in the event the creditors of said William Ger-
lach & Company did not receive more than five per cent. divi-

dend upon claims filed therein at the final settlement of said bankruptcy proceedings, it should be null and void. Weaver died in 1906 and plaintiffs were duly appointed executors of his estate. They bring this action to recover the amount in excess of five per cent. that *Attermeier* received from the bankrupt estate of William Gerlach & Company, claiming that he orally agreed to repay such amount as part consideration for the assignment to him of the notes, he having paid at the time of the assignment five per cent. of the amount of the claim, or $787.32, and no more. Previous to the commencement of this action *Attermeier* had received from the estate of George W. Goes, deceased, a partner of the firm of William Gerlach & Company, a dividend of $4,640.34. By a compromise agreement between plaintiffs and *Attermeier* it was agreed that only three eighths of this dividend, or $1,740.09, should be considered as a dividend from the bankrupt estate of William Gerlach & Company. *Attermeier* deducted $787.22, the amount he had paid for the notes at the time they were assigned to him, and paid the balance of $952.87 to plaintiffs. This, as plaintiffs claim, left all future dividends received from the bankrupt estate of William Gerlach & Company payable to them. Later the referee in bankruptcy declared a dividend of nine per cent., six per cent. of which was paid out of assets derived from the bankrupt estate of Fred E. Goes, the sole surviving partner of the bankrupt firm, and three per cent. out of assets derived from the estate of William Gerlach & Company. Plaintiffs claimed they were entitled to the total dividend of nine per cent., while defendants contended they were entitled only to the three per cent. derived directly from the estate of William Gerlach & Company. The court made voluminous findings of fact, many of which were not material to the issues involved, and rendered judgment for plaintiffs for the whole dividend of nine per cent., amounting to $1,416.99. The defendants appealed.

For the appellants the cause was submitted on the brief of *Charles J. Weaver.*

For the respondents there was a brief by *Frame & Blackstone,* attorneys, and *A. W. Fairchild,* of counsel, and oral argument by *Mr. A. J. Frame* and *Mr. Fairchild.*

VINJE, J.    The court properly received evidence of the negotiations leading up to the making of the written agreement for the purpose of showing the consideration paid by the defendant *Attermeier* for the assignment to him of the notes.    The assignment recited that it was made in consideration of "one dollar and other good and valuable considerations."    It was therefore competent to show by parol what the other good and valuable considerations were.    Such evidence did not tend to vary or contradict the written instrument, but only to explain it.    *Klueter v. Jos. Schlitz B. Co.* 143 Wis. 347, 128 N. W. 43.

The finding of the trial court that *Attermeier* agreed, as a part consideration of the assignment, to repay any amount in excess of five per cent. received from the bankrupt estate of William Gerlach & Company, is amply sustained by the evidence.    The witness *A. J. Frame* testified specifically that such an agreement was made, and *Attermeier* himself, in an examination under sec. 4096, Stats. (Supp. 1906: Laws of 1901, ch. 244), in a former suit, stated that "these notes have been proven as a claim against the estate of Frederick E. Goes, as surviving partner of William Gerlach & Company, in bankruptcy in the district court of the United States for the Eastern district of Wisconsin, and any amount that is secured by way of dividends in the bankruptcy court upon these notes over and above the amount of $787.22, the amount paid by me, is to be returned and paid over to R. Weaver, that is the Weaver who executed the assignment to me."    The compromise agreement entered into between plaintiffs and *Attermeier* as to the disposition to be made of the dividend re-

ceived from the estate of George W. Goes, deceased, as well as the contract of guaranty executed by the defendant *LaBoule,* support the finding that *Attermeier* agreed to repay any amount in excess of five per cent. Indeed, there is no testimony in the case that would support a contrary finding.

Fred E. Goes, the sole surviving partner of the firm, was adjudged a bankrupt, not because of individual debts, but solely on the ground of his liability for partnership debts. No individual debts were filed against his estate, but only the debts of the firm were filed and allowed therein, and six per cent. of the final dividend of nine per cent. paid the creditors of the firm was derived from the assets of the individual estate of Mr. Goes. We quite agree with counsel for defendants in saying that the question of whether or not plaintiffs are entitled to this dividend of six per cent. is the only question that should be in the case. It appears that the trustee of the firm estate was also the trustee of the estate of Fred E. Goes, and that the referee in bankruptcy in the firm estate ordered a dividend of six per cent. to be paid on partnership claims out of the assets derived from the estate of Fred E. Goes and a dividend of three per cent. out of the assets derived from the estate of William Gerlach & Company. Defendants claim that inasmuch as the assets of the estate of Fred E. Goes were not formally transferred to the assets of the firm estate, plaintiffs are not entitled to the six per cent. dividend.

Sec. 5 f of the Bankruptcy Act of 1898 (30 U. S. Stats. at Large, 548, ch. 541) provides that "the net proceeds of the partnership property shall be appropriated to the payment of the partnership debts, and the net proceeds of the individual estate of each partner to the payment of his individual debts. Should any surplus remain of the property of any partner after paying his individual debts, such surplus shall be added to the partnership assets and be applied to the payment of the partnership debts." 2 Remington, Bankruptcy, p. 1760.

Since Fred E. Goes had no individual creditors, his whole estate became by operation of law subject to the partnership debts. *Dickas v. Barnes,* 140 Fed. 849, 5 L. R. A. N. s. 654. The mere fact that the referee in his order specified the sources whence the dividend of nine per cent. was derived rendered it none the less a dividend paid out of the marshaled assets of the partnership estate. It has uniformly been held that partnership creditors cannot recover directly from the individual members of the partnership, but must do so by filing their claim against the firm and thus receive whatever surplus there may be from the individual members by its addition to the partnership assets. *In re Henderson,* 142 Fed. 588; *Euclid Nat. Bank v. Union T. & D. Co.* 149 Fed. 975; *In re McCoy,* 150 Fed. 106, 108. *Attermeier* therefore could not receive anything on his debt against the partnership directly from the estate of the individual partner, Fred E. Goes. The only way in which he could share in the surplus of the Fred E. Goes estate was by its transfer, actual or constructive, to the partnership estate. A constructive transfer by operation of law must be held to have been made in order to entitle *Attermeier* to receive a dividend derived from the individual estate of Fred E. Goes. The only way he could lawfully receive it was through the partnership estate. He did receive it, and no claim is made that it was not lawfully received. Hence the dividend of nine per cent. must be regarded as paid out of the partnership estate; and if so, it follows that plaintiffs were entitled to the whole thereof.

*By the Court.*—Judgment affirmed.