BORCHERT and another, Appellants, vs. SKIDMORE LAND COMPANY, imp., Respondent.

*June 7—March 4, 1919.*

*Vendor and purchaser of land: Assumption of mortgages: When contract and deed cannot be contradicted by parol: Authority of agent.*

1. By a written contract, unambiguous and complete in itself, a land company agreed to convey to one C. certain land in consideration of his deeding to it certain other land "subject to mortgages amounting to" a certain sum, and the subsequent deed from C. to the company recited that it was "subject to the following mortgages," naming them; but neither in the contract nor the deed did the company assume and agree to pay the mortgages. *Held,* that the terms upon which the company agreed to part with its land and the terms upon which it was to receive the land of C. were contractual terms, and that parol testimony was not admissible to show that the consideration actually agreed upon included the assumption and payment of the mortgages by the company.

2. The provision as to consideration in the contract did not merge in the deed so that, as a mere recital in the deed, it could be contradicted by oral testimony.

3. A finding by the trial court that an agent of the land company, who acted for it under written instructions in the matter of the execution of the conveyances, and who, it was claimed, at

that time orally agreed on behalf of the company to assume and pay the mortgages, had no authority to vary the terms of the original written contract, is *held* to be supported by the evidence.

Kerwin and Siebecker, JJ., dissent.

Appeal from a judgment of the circuit court for Marinette county: W. B. Quinlan, Circuit Judge. *Affirmed.*

Action to foreclose a mortgage for $800 upon real estate in which it is sought to hold the defendant *Skidmore Land Company,* a corporation, and a grantee of the mortgagor, F. E. Coons, liable for the amount of the mortgage debt. The defendant *Land Company* purchased the land under a written contract wherein it was agreed that, in consideration of certain real estate of the *Land Company* being deeded to F. E. Coons, he would deed the mortgaged premises to the *Land Company* "subject to mortgages amounting to $11,465," among which was the one foreclosed. The deed from Coons to the *Land Company* recited that it was "subject to the following mortgages;" naming, among others, the one sued upon in this action. Neither in the written contract of purchase nor in the deed does the *Land Company* assume and agree to pay the mortgage, but plaintiff maintains that subsequent to the time the written contract was entered into one Hawkins, the agent of the *Land Company,* who was sent to Minnesota to attend to the execution of the transfer of title, orally agreed in behalf of the company to assume and pay the mortgage. It also offered oral testimony tending to show that prior to the execution of the contract of purchase the *Land Company* assumed and agreed to pay the mortgage, but this testimony was excluded by the court because it contradicted the written contract. At the close of the evidence the court directed a verdict in favor of the *Skidmore Land Company* on the ground that oral testimony was inadmissible to vary or contradict the terms of the written contract of purchase and because Hawkins, to the knowledge of Coons, had no authority to vary the terms

of the written contract. From a judgment entered accordingly the plaintiffs appealed.

For the appellants there were briefs by *L. M. Nelson,* attorney, and *Eastman & Goldman,* of counsel, all of Marinette, and oral argument by *E. C. Eastman.*

For the respondent there was a brief by *Martineau, Evert & Martineau* of Marinette, and oral argument by *P. A. Martineau.*

VINJE, J. The written contract for the exchange of properties was unambiguous and complete in itself. It stated what each party agreed to do in order to secure the conveyance contracted for from the other. The *Skidmore Land Company* agreed to convey to Coons certain real estate in consideration of his deeding to it, subject to the mortgages in suit and others, the land it was to receive. The terms, therefore, upon which it agreed to part with its land and the terms upon which it would receive the Coons land were contractual terms. They constituted the very essence of the contract. It is a familiar rule that the material contractual terms of a written contract, when complete and unambiguous, cannot be contradicted or varied by parol testimony of prior or contemporaneous conversations or agreements. 4 Wigmore, Ev. § 2425; 10 Ruling Case Law, 1021; 3 Jones, Ev. (3 Horwitz, Comm.) § 434. This rule applies as well to the consideration expressed in a writing when that is contractual as to other terms therein. 10 Ruling Case Law, 1044. In land contracts such as the one in question the consideration is a contractual part of the writing. *Jilek v. Zahl,* 162 Wis. 157, 155 N. W. 909.

In deeds and other unilateral contracts where some expressed consideration is essential to give validity to the instrument or to prevent a resulting trust in favor of the grantor and because the instrument does not purport to express the complete contract between parties, a different rule obtains and parol testimony is admissible to show the con-

sideration actually agreed upon. *Brader v. Brader,* 110 Wis. 423, 85 N. W. 681; *Jost v. Wolf,* 130 Wis. 37 (110 N. W. 232) and cases cited on p. 43; *Kipp v. Laun,* 146 Wis. 591, 600, 131 N. W. 418. But where the written contract is complete and there is nothing in it to suggest that it does not embody the whole agreement between the parties, parol testimony is inadmissible to vary or contradict it. *Cliver v. Heil,* 95 Wis. 364, 70 N. W. 346.

That an agreement to assume and pay a mortgage upon conveyed property is essentially different from an agreement to take title thereto subject to the mortgage is too obvious to need discussion or explanation. Hence an agreement to take title to land subject to a mortgage is varied by showing that the mortgage debt was assumed by the grantee, because it adds a personal liability not present in the original undertaking.

A suggestion is made that the provision in the written contract as to consideration merged in the deed and therefore, since oral testimony is admissible to contradict the consideration expressed in a deed, the testimony offered was erroneously excluded. That the provision as to consideration in the contract did not merge in the deed is ruled in *Butt v. Smith,* 121 Wis. 566, 99 N. W. 328. In that case it was held that the terms of an oral agreement as to consideration did not merge in a deed subsequently executed; that they could be shown by parol testimony, and if they were contradictory to the deed they controlled as to the amount of consideration to be paid for the conveyance. In the present case the amount of consideration was expressed in a written contract and as there expressed was identical with the recital in the deed. It has also been held that an original contract for the exchange of real estate in which each party assumed a mortgage on the property conveyed to him did not merge in deeds subsequently executed which contained no provision for the assumption of the mortgages. *Stockton v. Gould,* 149 Pa. St. 68, 24 Atl. 160. This is on the theory

that the deed is but a part performance of the contract and that the contractual terms of the latter, conferring valuable rights and forming the consideration upon which it was entered into, control, and do not merge in the recitals of the deed. To hold that the terms of an express written contract as to consideration in pursuance of which a deed is given merge in the deed and become subject to the construction given to terms of mere recitals therein would be to destroy the power of parties to make binding written contracts as to consideration. For example, A. agrees in writing to pay a certain consideration for a deed to a tract of land "subject to a mortgage" and takes a deed subject to a mortgage. Under his contract and deed he has bought the equity of redemption only. He has incurred no personal liability. But if the consideration expressed in the contract merges in the deed, then he obtains no protection from it, for the recital in the deed may be contradicted by parol testimony and it may be shown that he assumed and agreed to pay the mortgage. This is not the law. A material provision in a written contract is not merged in a later contract, which, as to such provision, does not purport to speak contractually, but merely by way of recital in order that its validity may not be questioned because of the absence thereof. Naturally a different rule usually applies to covenants of title. Since it is the express purpose of a deed to pass title and to define the character thereof, its provisions relative thereto, in the absence of fraud or mistake, control when they purport to cover the field of the previous contract.

The finding of the trial court that the agent, Hawkins, sent by the *Land Company* to have the papers executed, had no authority to bind the company by any agreement different from that expressed in the written contract and the written instructions given him, cannot be successfully assailed as against the weight of evidence. It appears that Coons knew that Hawkins had express written instructions to which he frequently referred during their transactions

to see that he did not overstep his authority. These instructions were such as would be given any clerk sent to secure the transfer of papers in a land deal whose terms had already been agreed upon. They authorized mere ministerial acts. They gave no power to vary the terms of the written contract. So, too, the claim of ratification by the *Land Company* of Hawkins's acts fails, as inferentially found by the trial court.

*By the Court.*—Judgment affirmed.

KERWIN, J. *(dissenting).* A preliminary land contract was made in this case for the exchange of land in Minnesota for cut-over land in Wisconsin. The Minnesota land was incumbered by mortgages in the sum of $11,465. The amount to be paid the *Skidmore Land Company* was arrived at by deducting the $11,465 incumbrance. A deed was afterwards given and accepted by the *Skidmore Land Company* in consummation of the deal.

It is plain from the deed and the surrounding circumstances shown in evidence that the land contract did not contain all the terms of the agreement. The deed, being the final contract of the parties covering the subject matter of the deal, is controlling. This proposition is elementary.

The parties to the deed cannot escape from its provisions even if the preliminary contract was in conflict with it, which it was not. The contract did not cover the whole agreement. The deed is controlling not only as to its terms but as to its legal effect.

When a deed is delivered and accepted as performance of a contract to convey, the contract is merged in the deed. Though the terms of the deed may vary from those contained in the contract, still the deed must be looked to alone to determine the rights of all the parties. "No rule of law is better settled than that where a deed has been executed and accepted as performance of an executory contract to convey real estate, the contract is *functus officio,* and the

rights of the parties rest thereafter solely on the deed."
2 Devlin, Real Estate (3d ed.) § 850a, citing as to quoted
matter *Slocum v. Bracy,* 55 Minn. 249, 56 N. W. 826.

Under the deed in question it was competent to show that
the *Skidmore Land Company* assumed and agreed to pay
the incumbrance. *Strohauer v. Voltz,* 42 Mich. 444, 4 N.
W. 461 (opinion by COOLEY, J.), is directly in point. In
that case there was a warranty deed and a covenant against
incumbrance, "subject to a certain mortgage given by the
parties of the first part for one thousand dollars," and it was
held that oral evidence was competent to show that the
grantee had assumed and agreed to pay the mortgage. This
court as well as others has held the same rule. *Herrin v.
Abbe,* 55 Fla. 769, 46 South. 183, 18 L. R. A. N. s. 907;
*Mueller v. Cook,* 126 Wis. 504, 509, 105 N. W. 1054;
*Perkins v. McAuliffe,* 105 Wis. 582, 587, 81 N. W. 645;
*Beckman v. Beckman,* 86 Wis. 655, 660, 57 N. W. 1117;
*Kickland v. Menasha W. W. Co.* 68 Wis. 34, 31 N. W. 471;
*Frame v. Attermeier,* 147 Wis. 485, 133 N. W. 603. *Her-
rin v. Abbe, supra,* is directly in point. The deed recited a
consideration of "$1 and other valuable considerations," and
further, "The above property is conveyed subject to all liens
and mortgages now standing of record against the same."
It was held that oral evidence was admissible to show that
the grantee assumed and agreed to pay the incumbrance, and
that such evidence did not vary the provision making the
conveyance subject to the incumbrances.

The same rule applies to land contracts, and necessarily
so, because a contract is no more sacred than a deed. 17 Cyc.
653. In *Witzel v. Zuel,* 90 Minn. 340 (96 N. W. 1124),
at p. 342 it is said:

"The court did not err in denying this motion for the very
sufficient reason that a portion of the evidence was not objec-
tionable, and it seems also clear that under any circumstances
the amount of consideration for the lands designated in the
written instruments referred to was not conclusive, but
might be shown by parol."

In *Ryan v. Hamilton*, 205 Ill. 191 (68 N. E. 781), at p. 204 it is said: "It is well settled in this state that the true consideration for a contract or agreement may always be shown, whether one is shown in the contract or not; . . ." Even if it be conceded that the land contract and the deed executed later are but parts of the same transaction and must be read together the result is the same: (a) because oral evidence was admissible to show other consideration in either contract or deed, and (b) the contract was incomplete, as shown by the deed and surrounding circumstances. In *Jost v. Wolf*, 130 Wis. 37 (110 N. W. 232), at p. 41 this court said:

"Further, appellant urges that the land contract and the deed executed ten days later are but parts of one transaction, and, read together, constitute complete written expression of its terms not subject to variation by parol. This is, however, merely begging the question of fact whether they were parts of one transaction, or whether another transaction took place after the written land contract and the deed was made in execution of such later contract."

There can be no doubt but that the *Land Company* is bound by all the terms of the deed. It accepted and ratified it. It contained terms different and in addition to those specified in the land contract and expressed a consideration of "sixty-eight hundred dollars and other valuable considerations," and also contained a recital that the land was sold "subject to the following mortgages," aggregating $11,465. The "other valuable considerations" can be shown by oral evidence. *Frame v. Attermeier*, 147 Wis. 485, 133 N. W. 603. The amount of consideration mentioned in the deed to Thompson was arrived at by deducting the amount of the incumbrances, $11,465, from the estimated value of the land. Thompson was substituted as grantee in place of the *Skidmore Land Company* by agreement between Coons and Hawkins, who represented the *Skidmore Land Company* in the deal.

The main contention of counsel for respondent here was that Hawkins had no authority to change the agreement as embraced in the land contract. No change by Hawkins in the land contract was necessary. The consideration in either land contract or deed was open to oral evidence of what the real consideration was. Moreover, the land contract and deed are not in conflict. The contract recites that the Minnesota land was to be sold "subject to mortgages amounting to $11,465, due December 1st, 1916, at 6 %." And the deed recites a consideration of $6,800 subject to mortgages aggregating $11,465.

It seems to me clear that, even construing the land contract and deed together as one agreement, evidence of the real consideration was admissible. The evidence offered to the effect that the *Skidmore Land Company* assumed the incumbrance was not in conflict with any provision of the land contract or deed. It was in harmony with both, especially when viewed in the light of surrounding circumstances and the law that the consideration may be shown to be different from that written in the contract or deed.

The land contract was executed November 15, 1915. On December 14, 1915, the *Skidmore Land Company* informed Coons that it accepted the proposition made November 15, 1915, and three days later Coons wrote the *Land Company* that he had his interest paid to December 1, 1915, and asked that the *Land Company* assume the mortgages from that date. The *Land Company* made no denial of this proposition of Coons that it assume and pay the mortgages, but afterwards sent its manager, Hawkins, to Minnesota to close the deal with Coons. The deal was closed and a consideration of $6,800 agreed upon, and it was further agreed that the conveyance be made to Thompson instead of to the *Land Company,* and that the indebtedness of $11,465 be assumed and paid by the *Skidmore Land Company* as part of the consideration. The evidence also tends to show that in the negotiations between Coons and Hawkins the consideration put

in the deed, $6,800, was arrived at by a discussion of the value per acre of the respective lands.

It was strenuously urged by counsel for respondent that the *Skidmore Land Company* was not bound by the agreement of Hawkins to assume and pay the incumbrances, he being a special agent. However, Hawkins had authority on behalf of the *Land Company* to close the deal and accept the deed made. He had authority to vary the terms of the land contract, in some particulars at least, and had apparent authority to do all that he did in making the contract. The *Skidmore Land Company* had notice, when it authorized Hawkins to go to Minnesota to close the deal, that Coons understood the incumbrances were to be paid by the *Land Company,* accepted and ratified the deed as made, and cannot question it in this action.

But even though Hawkins had no authority on the part of the *Skidmore Land Company* to make an agreement assuming the incumbrances, still the court below committed prejudicial error in excluding evidence offered to prove that Mr. Skidmore, officer of the *Skidmore Land Company,* who had authority, agreed to assume and pay the mortgages on behalf of the company. This evidence related to the consideration, was competent and vital in tending to establish that the *Land Company* did assume and agree to pay the mortgages. This evidence alone would have been sufficient to carry the case to the jury.

The case here does not fall within the authorities holding that where the stipulation in the deed or contract is contractual it cannot be contradicted or varied by oral evidence. It is wholly immaterial whether the stipulation be in a deed or a land contract; if contractual it cannot be varied. This rule is elementary. But the consideration in either deed or contract may be varied, explained, or even contradicted. This is the situation in the case at bar. *Strohauer v. Voltz,* 42 Mich. 444, 4 N. W. 461; *Herrin v. Abbe,* 55 Fla. 769, 46 South. 183, 18 L. R. A. N. s. 907.

The evidence offered and excluded was consistent with

both the deed and the land contract, and would not have varied or contradicted any contractual item of either. The evidence offered and excluded was ample to show that it was agreed that the *Skidmore Land Company*, as part of the consideration of the purchase price, assumed and agreed to pay the mortgages on the Minnesota land, and that an injustice was done Coons in excluding the evidence.

I am convinced that the judgment in this case should be reversed, and the cause remanded for a new trial: *First.* The deed of the Minnesota land was the final contract made in consummation of the deal, and oral evidence that the *Skidmore Land Company* agreed to pay the incumbrance was admissible. *Second.* Even if the deed and land contract be read together, the same result follows, because the consideration in the contract as well as the deed could be shown by oral evidence; and if it be admitted that the evidence of Hawkins was inadmissible because he had no authority to make such an agreement, the evidence offered that Skidmore made such an agreement was admissible and should have been admitted. *Third.* Upon all the evidence and surrounding circumstances the agreement that the incumbrance was assumed did not contradict any covenant in the land contract or deed. The evidence offered and excluded went only to the consideration of the deed and contract. *Fourth.* It is plain from the evidence of Hawkins, as well as from the correspondence between the *Skidmore Land Company* and Coons, that the deed of the Minnesota land was made with the understanding on the part of Coons that the incumbrance was to be assumed and paid by the *Land Company*, the deed was made by Coons upon that condition, and the amount of the incumbrance deducted from the agreed value of the land. Under such circumstances the *Land Company* cannot profit by the deed and repudiate the oral agreement. *Hannon v. Kelly,* 156 Wis. 509, 146 N. W. 512; *Corbett v. Joannes,* 125 Wis. 370, 104 N. W. 69; *Kipp v. Laun,* 146 Wis. 591, 131 N. W. 418.

Even if it be conceded that evidence was not admissible

under the pleadings as framed, the case should be remanded with permission to so amend the pleadings as to permit the issue of reformation of the deed to be litigated so that justice may be done in the case. *Jilek v. Zahl,* 162 Wis. 157, 155 N. W. 909; secs. 2669*a*, 2836*b*, Stats. In my opinion, however, as before observed, no reformation is necessary, and proof of assumption of the mortgages should have been admitted under the issues framed.

The judgment should be reversed, and the cause remanded for a new trial.

I am authorized to say that Justice SIEBECKER concurs in the foregoing dissent.