RICHARDS, Administrator, and others, Appellants, vs. ALLIS and others, Executors, Respondents.

*May 24 — June 15, 1892.*

*Equity: Accounting: Discovery: Appeal: Judgment.*

1.  Where the trial court found as a conclusion of law merely that the plaintiff had no cause of action in equity, and entered judgment dismissing the complaint for that reason alone, an appeal from such judgment brings before this court merely the question of the jurisdiction of the trial court in equity.

2.  Where it is not alleged that the plaintiff owes the defendant anything, an action cannot be maintained in equity for an accounting for the purpose of ascertaining whether or not anything is so owing. The remedy in such case is by an action at law and an examination of the defendant under sec. 4096, R. S., to obtain such discovery as will enable the plaintiff to plead.

3.  Where in a suit in equity the complaint is dismissed on the ground that there is an adequate remedy at law, the judgment should not be that it is dismissed upon the merits, but that it is dismissed without prejudice to an action at law.

APPEAL from the Circuit Court for *Milwaukee* County. This is a suit in equity for an accounting brought against

Edward P. Allis in his lifetime, and revived against his executors. The facts are sufficiently stated in the opinion. The plaintiffs appeal from a judgment dismissing the complaint.

For the appellants there was a brief by *Finches, Lynde & Miller*, and oral argument by *B. K. Miller, Jr.* They cited 1 Story, Eq. Jur. (11th ed.), secs. 67, 441, 442a, 453, 458; 3 Bl. Comm. 163, 437; 3 Pom. Eq. Jur. sec. 1421; *Noonan v. Orton*, 28 Wis. 387; 1 Harvard L. Rev. 123, 126; 2 id. 261; 3 id. 237; *Kennington v. Houghton*, 2 Younge & C. 620; *Taff Vale R. Co. v. Nixon*, 1 H. L. Cas. 111; *Mackenzie v. Johnston*, 4 Madd. 373; *Comm. v. Stearns*, 2 Met. 343; *State v. Leicham*, 41 Wis. 566; *King v. Rossett*, 2 Younge & J. 33; *Comm. v. Foster*, 107 Mass. 221; *Barry v. Stevens*, 31 Beav. 258; *Wells v. Ross*, 7 Taunt. 403.

For the respondents there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas*, and oral argument by *F. C. Winkler*.

ORTON, J. This action is based upon a contract of the following import: The parties are *A. C. Richards*, as administrator of the estate of Charles M. Roberts (deceased) and in his own right, and others, who are interested in a patent right of an invention known as "an improvement on processes and machinery for the manufacture of flour," secured to the said Roberts in his lifetime by letters patent dated the 10th day of July, 1877, as parties of the first part and the plaintiffs herein, and Edward P. Allis, sole partner under the firm and style of E. P. Allis & Co., of the second part, said Allis being a manufacturer of machinery for milling purposes in the city of Milwaukee, and the defendant herein. The plaintiffs had sued Herr & Cissell, of the District of Columbia, for the use of machinery claimed to be an infringement of said patent, which machinery was sold to the defendants by the said Allis, who

intervened to defend said suit. In consideration of the compromise of said suit, the said parties agreed as follows:

The said plaintiffs were to release the defendant, and those to whom he had furnished said machinery, from all liability for infringement of said patent; and the defendant might sell said machinery in the United States for the remaining time of the patent; and the persons to whom it is sold shall pay the license fee therefor; and the plaintiffs shall thereupon furnish to such persons a license therefor; and the defendant is to collect from them the license fee therefor, and retain as his own one half thereof for collecting the same. The defendant is to recognize and never dispute or question the validity of said patent, or litigate it, or encourage others to do so; and to do his best to introduce said machinery into use, and encourage its use by the millers of the United States. The defendant is to collect the license fee from those to whom he furnishes said machinery, retaining one half; and to render to the plaintiffs quarterly accounts from April 1, 1884, of the names and residences of persons to whom he furnishes said machinery, the capacity of their mills, etc.; and to furnish the plaintiffs the names and residences of persons to whom he had sold said machinery before January 1, 1884; and the plaintiffs shall give to such persons licenses to use the same. The license fee agreed on was to be, for six months, one dollar per barrel of flour, according to the capacity of the mills using said machinery.

The complaint charges that the defendant has failed to render such statement or account of license fees collected, and denied having furnished to any mills such machinery, and, on information and belief, that the defendant has furnished various mills such machinery to the plaintiffs unknown, and has failed to account therefor. The plaintiffs demand an accounting of these transactions, and of the money received by the defendant, and of the mills furnished

with said machinery, and the capacity thereof, and that the defendant pay over to the plaintiffs their share of the license moneys so collected by him.

The defendant, by answer, denies that he has ever furnished to any one or made or used any machinery which is an infringement of said patent; and avers that he has not collected any license fees therefor, and has tried to induce millers to pay license fees, but has been unable to induce them to do so; and that said patent is worthless and void by reason of the processes thereby secured not being new, but long known and used by the public; and for that reason that he could not induce any one to pay a license fee therefor.

These are, in substance, the pleadings and issues upon which the case was tried. The court found all these issues in favor of the defendants, and as a conclusion of law that the plaintiffs have no cause of action in equity, and have, if any, an adequate remedy at law, and the action should be dismissed; and judgment was entered accordingly.

There is no conclusion of law on the plaintiff's cause of action or the defendants' liability. It is merely that the plaintiffs have no cause of action for an accounting in equity. The judgment of dismissal is based upon this conclusion of law alone. It follows, therefore, that the case is not here on appeal on its merits, or on the exceptions to the findings of fact or to any errors of the court on the trial. It is here merely on the question of the jurisdiction of the court in equity. The defendants raised the question of jurisdiction in their answer, and the court should have passed upon it before the trial on the case made by the complaint, and saved the expenses of the trial. The trial, the findings of fact, and the exceptions thereto are simply nugatory. The action is dismissed solely for want of jurisdiction, and that is the only question before this court, and on that question we think the court was clearly right.

The contract upon which the suit is brought makes the defendant Allis the agent of the plaintiffs to collect the royalties or license fees for the use of the patented machinery or processes from those to whom the defendant has furnished them, and retain one half of them as his compensation for their collection. It is not averred in the complaint that the defendants, or E. P. Allis, deceased, had ever collected any such royalties or license fees, and it is only stated on information· and belief that they had ever furnished to any one said machinery; and there is no averment that the defendants owe the plaintiffs anything for fees collected or for anything else. The plaintiffs do not ask for damages for failure to collect, but only for judgment for what the defendants have collected, or their half thereof. There is not only no basis in the complaint for an accounting in equity, but there is no foundation for a recovery in an action at law. One of the essentials of an action is that the plaintiff has been damaged, and even a wrong without damage does not constitute a cause of action. The maxim is, *jus prosequendi in judicio quod sibi debetur.* It is not alleged that the defendants owe the plaintiffs anything, and the plaintiffs ask for an accounting to ascertain whether the defendants owe them anything. This is an action for money had and received, and there is no averment that the defendants had or received any money belonging to the plaintiffs. If a party does not know whether another owes him or has collected any money belonging to him, and therefore cannot make such an · averment in a complaint, he may bring his action by the service of a summons, and then proceed to examine the opposite party under sec. 4096, R. S., and obtain such discovery thereof as will enable him to plead. This is the only method of procedure in such a case as this, where the plaintiffs were unable to state that the the defendants owe them anything. · An action in equity will not lie without such an averment any more than an

Richards and others vs. Allis and others.

action at law. It would be trifling with a court of equity to ask for a discovery, in the first place, whether the complainant had any cause of action whatever, without alleging that he had any. Such an averment is the necessary foundation of a discovery. This is essentially an action at law. There is not an equitable element in it. An accounting in equity can be asked in almost any legal action on a money demand as well as in this. But the statute exactly meets the plaintiffs' case as made by their complaint. The statutory remedy in such a case would be far the most effectual. The defendants could be compelled to answer and disclose all the facts within their knowledge pertinent to the inquiry. But, if the remedy at law is merely adequate, it is an elementary principle that a court of chancery has no jurisdiction of it. The examination of the defendant under the statute is not *limited* to cases in which a discovery may be had in equity. *Kelly v. C. & N. W. R. Co.* 60 Wis. 480. That a court of equity has no jurisdiction of such a case, even if there had been an averment that the defendants owed the plaintiffs anything, is shown by the following cases cited in respondents' brief: *Crandall v. Plano Mfg. Co.* 24 Fed. Rep. 738; *Perkins v. Hendryx,* 23 Fed. Rep. 418; *McKay v. Smith,* 29 Fed. Rep. 296. I do not think there is a precedent to a case like this anywhere in a court of equity. The judgment of the court is that the complaint be dismissed *on the merits.* This is never the proper judgment in such a case. The judgment is a bar to an action in a court of law of the same subject matter and parties. It would not be right to dismiss an action in equity on the ground that there is an adequate remedy at law, and by the judgment of dismissal bar the remedy at law. The judgment should have been: The complaint is dismissed without prejudice to an action at law.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with direction to dismiss the complaint without prejudice to an action at law.