Eckel vs. Bostwick and others.

ECKEL, Appellant, vs. BOSTWICK and others, Respondents.

*October 8 — October 23, 1894.*

*Specific performance: Oral contract to convey land: Evidence: Judgment.*

1. Specific performance of an oral contract to convey land will not be enforced where the plaintiff's testimony as to the price to be paid is contradicted by that of defendant and is not corroborated by any other evidence.
2. The parol contract in such case being void, so that the plaintiff could have no remedy on it at law, a judgment dismissing his complaint on the merits is proper, and should not be modified so as to dismiss the complaint without prejudice. *Richards v. Allis,* 82 Wis. 509, distinguished.

APPEAL from the Circuit Court for *Ozaukee* County.

This is an action for the specific performance of an oral agreement alleged to have been made May 1, 1883, by which the defendant *John M. Bostwick,* the owner of the premises in question, agreed to sell and convey the same to the plaintiff for the sum of $150, which was to be paid when the said *Bostwick* would deliver to the plaintiff a warranty deed of the premises, and that the plaintiff should enter, as he did, into immediate possession, and has ever since held the same with the consent of the defendants. The plaintiff also alleges the making of certain improvements thereon, payment of taxes assessed subsequent to said purchase, and that within a month after such entry the plaintiff notified *Bostwick* that he was ready to make payment, and requested him to make him a deed, which he agreed to do; that said *Bostwick* had never made and delivered any deed to the plaintiff, but on the 9th of June, 1892, conveyed said premises to the defendant *Edward B. Bostwick;* that the plaintiff has been at all times, and still is, ready and willing to pay said consideration, with interest, upon receiving a proper deed, as the defendants well knew, but the

defendant *John M. Bostwick* has at all times refused, and still does refuse, to make plaintiff a deed of said premises. Judgment was demanded permitting the plaintiff to pay said sum of $150 and interest into court, and that the defendants convey the premises, and for other relief.

The defendant *John M. Bostwick* answered in substance, that he purchased the premises of one Bohan for $150 and all back taxes thereon, agreeing to pay him whatever he (*Bostwick*) should receive on a sale thereof over the purchase price; that there were then outstanding taxes and tax certificates to the amount of $64.07, drawing interest, which he soon thereafter paid, and the full amount paid by him for said premises is $218.49; that he agreed to sell to the plaintiff said premises for the amount they should cost him, including extra taxes, and for no less consideration, and plaintiff agreed to pay therefor such amount, whatever it might be, the same being indefinite only as to taxes and interest thereon.   Admitting the entry of the plaintiff into possession as alleged, it is averred that the defendant notified the plaintiff that he had a deed ready for delivery whenever the plaintiff should pay what said premises cost him, but that he had never paid or tendered the same or any part thereof; that he had been at all times ready and willing to perform the contract upon payment of such price, with interest, and still was ready and willing to do so; and that the defendant *Edward B. Bostwick*, who is his son, is now ready to deed said premises to the plaintiff according to such terms.   The defendant *Edward B. Bostwick* in his answer avers that he is ready and willing to convey the premises to the plaintiff, or to whomsoever said *John M. Bostwick* shall request.

The court found that the allegations of the complaint were not proven, and gave judgment dismissing the complaint and for costs.   The only evidence in support of the complaint was given by the plaintiff himself, and tends sub-

stantially to support the allegations of his complaint, but he
is wholly uncorroborated on the principal point as to the price
to be paid.  He testified, in substance: That he had asked
the defendant *Bostwick* for a deed twice.  That he went to
him, having the money ready to pay.  The latter said he
had not the deed ready, but would have it in eight or ten
days.  Subsequently, he said there was a little matter of
interest, and he said he would make it out and let him know.
That he told him he had the money on hand, and had kept
it for several years, thinking he would call with the deed.
That, the winter or spring before the action was com-
menced, he went to him and tried to settle the matter, but
was unable to accomplish anything.  He denied that he was
to pay more than $150, and admitted he had never tendered
any money; that the disagreement was about the taxes;
that he did not object to paying interest.  W. H. Ramsey
testified to being present at an interview between the
parties, in which *Mr. Bostwick* said that when plaintiff paid
him for the land he would get his deed, and not before;
that they figured up some tax certificates and interest on
the money from the time of purchase; that they could not
agree on the interest or the tax certificates; that he under-
stood the plaintiff objected to paying any interest on the
purchase price.  *Edward B. Bostwick* testified that he had
been ready and willing at all times to deed the property to
whomever his father desired him; that he was present at
the conversation mentioned by the witness Ramsey, and
that the difference seemed to be in regard to interest.  The
defendant *Bostwick* testified that he told the plaintiff he
could have the property for what it cost him, and he said
he would take it; that he had at all times been ready to
give a deed upon payment according to the agreement;
that the place had cost him, including tax certificates
amounting to $68.49, in all, $218.49.  There was no dispute
except as to the interest.  "At first he thought I ought not

to charge any interest. We figured the amount, and were only $28 apart."

The court held that before bringing the action the plaintiff should have tendered the money and demanded a deed; that the proof, to justify specific performance, must be clear and convincing beyond a reasonable doubt; that it could not be granted unless the proof is entirely satisfactory, nor upon the unsupported testimony of the party, when it is denied by the other side. The plaintiff appealed from the judgment dismissing his complaint on the merits.

*G. W. Foster*, for the appellant.

*D. M. Jackson*, for the respondents.

PINNEY, J. The plaintiff relies upon on oral agreement for the conveyance of the premises, and part performance of it, to take the case out of the operation of the statute of frauds. The evidence seems to be sufficient to establish the contract upon all the material points, except in respect to the important and vital one of the price or consideration to be paid for the premises. Upon this point the parties flatly and positively contradict each other, and there is no evidence corroborating the plaintiff's statement. The result is that the contract is not made out with the clearness and certainty necessary to entitle the plaintiff to the relief prayed. In *Buxton v. Lister*, 3 Atk. 386, in speaking of contracts which the court will enforce, Lord HARDWICKE said: " Nothing is more established in this court than that every agreement of this kind ought to be *certain*, fair, and just in all its parts. If any of those ingredients are wanting in the case, the court will not decree specific performance." And in *Lord Walpole v. Lord Orford*, 3 Ves. Jr. 420, Lord ROSSLYN laid it down as a general proposition, to which he knew of no limitation, that " all agreements, in order to be executed in this court, must be certain and defined," and that " they must be proved in such manner

as the law requires." Unless the evidence offered in support of the contract be fully sufficient and ample, a court of equity will not exercise its jurisdiction to enforce it (*Colson v. Thompson*, 2 Wheat. 336), although it is said that, where a contract has been partly executed by possession having been taken under it, the court "will strain its power to the utmost" (*Parker v. Taswell*, 2 De Gex & J. 559, 571). It is laid down in Fry on Specific Performance (sec. 335) that "price is an essential ingredient of the contract, and, where this is neither ascertained nor ascertainable, the contract is void for incompleteness, and incapable of enforcement." Incompleteness of contract and inability to satisfactorily establish it, in their bearing upon the plaintiff's right to relief, are substantially the same. It is the duty of the court to deny relief unless the contract is clearly and satisfactorily proven (*Hibbert v. Mackinnon*, 79 Wis. 673, 680; *Knoll v. Harvey*, 19 Wis. 99), for otherwise the court has no assurance that in interfering to decree specific performance it is not doing a great injustice. The rule is stated by Mr. Pomeroy in his work on Specific Performance (sec. 136) that "if, upon all the evidence given by both parties, the court is left in doubt as to the entire contract, or even as to any of its material terms, it will not grant the remedy, although a partial performance of something has been sufficiently proved;" and a great number of cases are cited to that effect. The application of this rule to the evidence before us is fatal to the plaintiff's case.

We were urged, in case we should be of the opinion that the judgment ought not to be reversed, to modify it so as to dismiss the plaintiff's complaint without prejudice; but as the judgment was upon the merits and is not erroneous, there is no legitimate ground upon which we can modify it in the least. The contract set up by the plaintiff is void, so that the plaintiff could have no remedy upon it at law, and there is therefore no ground upon which this court can

properly modify the judgment, as was done in *Richards v. Allis*, 82 Wis. 509, 514. The judgment of the circuit court is correct and must be affirmed.

*By the Court.*— The judgment of the circuit court is affirmed.