DEPIES-HEUS OIL COMPANY, Respondent, vs. SIELAFF, Appellant.

*October 10—November 14, 1944.*

38

*John E. O'Brien* of Fond du Lac, for the appellant.
*Carl W. Hofmeister* of Chilton, for the respondent.

MARTIN, J. By way of defense, defendant alleges that on the 11th day of May, 1943, she elected to terminate and rescind the contract for the reason that plaintiff had on numerous occasions throughout the life of said contract breached same by failure and refusal to seasonably pay the rent stipulated in the lease. Defendant further alleges that without her knowledge, she not being familiar with business transactions and particularly with leases of property and documents of the nature of the lease in question, plaintiff caused to be inserted in the lease the following provision:

"If at the expiration of the term of this lease, or any renewal thereof, the premises herein described are leased or sold to some third party, the said premises shall be leased or sold subject to the following provision:
"If the premises herein described are used in any manner for the sale of gasoline or oil or their by-products during a period not exceeding twenty years from the date of said instrument of such lease or sale, then and in such event, the lessee or vendee shall sell only the products in which the Depies-Heus Oil Company shall deal."

Defendant claims that the provisions above quoted were not called to her attention at the time she signed the lease. She further claims that said provisions rendered the contract void as being against public policy and in restraint of trade, and that said provisions were without consideration. Defendant denies that plaintiff is without an adequate remedy at law, and further denies that the plaintiff has done equity or has offered to do equity in respect to the performance of the terms of the lease.

It will serve no useful purpose to discuss the evidence. Factual issues have been decided adversely to the defendant. The findings of fact are sustained by the evidence, and this court is not at liberty to change the findings of the trial court unless same be against the great weight and clear preponderance of the evidence. This is an elementary rule which requires no citation of authorities.

Appellant argues that the lease is not sufficiently clear, definite, and certain as to be enforceable by specific performance in a court of equity. We find nothing ambiguous or uncertain in the provisions of the lease. The form is one very generally used in the business world. Appellant cites several cases to the proposition that specific performance is not a matter of right, but is a matter that rests in the sound discretion of the court, and that the court will not grant such relief unless satisfied under all the circumstances of the case that the claim is fair and the contract is equal and founded upon a good consideration. We must assume that the trial court had this elementary principle in mind in making its decision.

Appellant cites *Hopkins v. Gilman,* 22 Wis. 454 (*476), and *Schneider v. Reed,* 123 Wis. 488, 101 N. W. 682, to the point that an agreement to arbitrate will not be specifically enforced. In the *Hopkins Case, supra,* page 457 (*479), the court said:

"The contract sought to be enforced is essentially incomplete in a most important particular, as the amount of rent to be paid depends upon an appraisal of the premises to be made by arbitrators chosen by the parties. The amount of rent to be paid is of the very essence of the contract. The parties have not agreed upon the amount, but they have agreed upon a manner by which the amount is to be ascertained. Can the court supply the defect in the contract, or decree that the parties shall go on and choose arbitrators to make the appraisal? And if the court enforces a performance of the contract, does it not, in substance and effect, enforce an agreement to arbitrate? The contract is certainly incomplete as

it now stands, and resort must be had to the action of arbitrators to supply material conditions in it, which the parties did not agree upon. The judgment directs that the leased premises be appraised in the manner specified in the lease, and that thereupon a renewed lease be executed at an annual rent of eight per cent upon the appraised value. What is this but enforcing an agreement to arbitrate?"

The court then quotes from *Greasan v. Keteltas,* 17 N. Y. 491, 496, as follows:

"It is well settled that courts of equity will never entertain a suit to compel parties specifically to perform an agreement to submit to arbitration." Citing cases.

In the *Schneider Case, supra,* page 497, the parties had agreed to submit to arbitration the price to be paid for certain land. The court said:

"Had this oral agreement been sufficiently definite in its terms, it could doubtless have been specifically enforced in equity. But the difficulty is that no price for the land was agreed upon. Under the most favorable construction of the evidence it appears that the only arrangement as to price was that the company would pay what the land was worth, and that, if the parties could not agree, the price was to be settled by arbitration. Thus one of the essential elements of the contract was left wholly uncertain, and it will not be enforced. *Eckel v. Bostwick,* 88 Wis. 493, 60 N. W. 784. An agreement to arbitrate will not be specifically enforced. *Hopkins v. Gilman,* 22 Wis. 476."

These two cases are out of harmony with the majority rule. Arbitration clauses in contracts are made specifically enforceable by sec. 298.01, Stats. The rule is thus stated in 49 Am. Jur. pp. 36, 37:

Sec. 23: ". . . A contract is considered to be sufficiently definite and certain to be specifically enforceable if it contains provisions which are capable in themselves of being reduced to

certainty. . . . The existence within the contract of a method or means by which uncertain terms may be made certain renders the contract sufficiently certain to be specifically enforceable. . . .

Sec. 24 : "The fact that some of the terms of a contract are left to future determination does not preclude specific enforcement of the contract upon the ground of indefiniteness or uncertainty, where the contract itself provides the method or means by which such uncertain terms may be made certain, as, for example, where price is to be fixed or determined by third parties, or by the highest price which another offers or is willing to pay for the premises. . . ."

In *Kipp v. Laun,* 146 Wis. 591, 604, 131 N. W. 418, the court said :

"There is a distinction to be observed with reference to subordinate or incidental portions of an agreement and the whole body or purview of the contract. Where a contract is definite in the main features thereof and in most of its details, but one item is left in such condition that an inquiry of reasonable value or reasonable time for performance is essential, *that will not defeat the whole contract or bar specific performance.*" See cases cited.

2 Page, Contracts (Supp.), p. 1844, sec. 2615, states the rule as follows :

". . . If one of the parties has performed so far that he will suffer a serious financial loss, by reason of such performance over and above the loss of his bargain, equity will give relief. If a lease contains a provision for a renewal at a rental to be fixed by appraisers and the tenant has taken possession and performed under the lease, the court will fix the value for the term for which the lease is to be renewed. . . ." See cases cited.

The rule stated in *Hopkins v. Gilman, supra,* is not referred to in the decision in *Kipp v. Laun, supra.* The rule in the *Hopkins Case* is now overruled.

With reference to the enforceability of arbitration clauses in contracts, sec. 298.01, Stats., provides:

"A provision in any written contract to settle by arbitration a controversy thereafter arising out of such contract, or out of the refusal to perform the whole or any part thereof, or an agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, shall be valid, irrevocable and enforcible save upon such grounds as exist at law or in equity for the revocation of any contract; provided, however, that the provisions of this chapter shall not apply to contracts between employers and employees, or between employers and associations of employees, except as provided in section 111.10 of the statutes." This provision was enacted by ch. 274, Laws of 1931, and the last clause by ch. 57, Laws of 1939.

Sec. 298.04, Stats., provides as follows:

"*Arbitrators, how chosen.* If, in the agreement, provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire such method shall be followed; but if no method be provided therein, or if a method be provided and any party thereto shall fail to avail himself of such method, or if for any other reason there shall be a lapse in the naming of an arbitrator or arbitrators or an umpire, or in filling a vacancy, then upon the application of either party to the controversy the court aforesaid or the court in and for the county in which the arbitration is to be held shall designate and appoint an arbitrator, arbitrators or umpire, as the case may require, who shall act under the said agreement with the same force and effect as if he or they had been specifically named therein; and, unless otherwise provided in the agreement, the arbitration shall be by a single arbitrator."

Appellant's next contention is that the contract is void as being in restraint of trade and being monopolous and against public policy. This contention has reference to the provision quoted above that if, at the expiration of the term of the lease or any renewal, the premises should be leased or sold to a third

party, such lease or sale should be subject to the provision that if the premises should be used in any manner for the sale of gasoline or oil or their by-products during a period not exceeding twenty years from the date of lease or sale, in such event the lessee or vendee should sell only the products in which plaintiff company should deal. The property has not been leased or sold to any third party. The plaintiff has exercised its option to purchase, and the judgment provides for conveyance by defendant to plaintiff. The judgment further provides that in default of defendant conveying the premises described to the plaintiff by a good and sufficient deed, the judgment shall have the same force and operation as such deed. There is, therefore, no possibility of defendant leasing or conveying the property to a third party.

*By the Court.*—Judgment affirmed.