ESTATE OF LUEDTKE: LUEDTKE (Howard W.), Appellant, v. LUEDTKE (Alice Effa), Respondent.

*No. 213. Submitted under sec. (Rule) 251.54 October 3, 1974.— Decided October 29, 1974.*
(Also reported in 222 N. W. 2d 643.)

388

The cause was submitted for the appellant on the briefs of *Larry W. Rader* of Wausau, and for the respondent on the brief of *Jerome A. Maeder, S. C.,* of Wausau.

HANLEY, J. The issues are as follows:

1. Is the question of the validity of the antenuptial agreement properly before this court on this appeal?

2. Does the antenuptial agreement bar the claim of Mrs. Alice Luedtke against the estate of Waldemar Luedtke?

3. Did the trial court err in overruling the objection to testimony of Mrs. Alice Luedtke concerning conversations between her and the deceased?

4. Did the trial court err in sustaining the objection to the testimony of Mrs. Betty Sauer?

*Question of validity of agreement.*

The fourth paragraph of the "Prenuptial Agreement" does provide that neither party shall acquire by their marriage ". . . any ownership or right of control in the property of the other during coverture between them, nor any right of title in the property of the other by any reason of any divorce." The respondent argues that the agreement was void and invalid because of the divorce provision.

The issue is not properly before the court on this appeal, however. It does not appear in the record that the respondent has filed either a motion to review or a cross appeal as required by sec. 274.12, Stats. This issue does not involve an error which, if corrected, would merely support the judgment or order appealed from. Sec. 274.12 (2). Therefore, this issue which respondent seeks to raise is not properly before this court.

*Antenuptial agreement as a bar to the claim.*

The trial court held that the antenuptial agreement here was valid and did bar Mrs. Luedtke's claims for her share of the estate for allowances and for her selection of personal property. It also found, however, that the agreement was not complete and did not include in detail what the parties intended.

Antenuptial agreements are governed by the same rules of construction as apply to other contracts. The basic purpose of construction is to ascertain and give effect to the intention of the parties. However, where there is no ambiguity in the agreement, there is no occasion for

construction. 2 Lindey, *Separation Agreements and Ante-Nuptial Contracts*, pp. 90–52, 90–53, sec. 90.

The agreement specifically provided:

"It is further agreed That this covenant is to be considered a legal and equitable bar to any and all claim which either party surviving the other may make to any part of the property of the other, except as hereinafter provided."

The agreement also referred to the interest which the parties "may" have in the joint property. We find no ambiguity in the agreement.

Petitioner admittedly became aware of the construction mortgage in August of 1969 shortly after their marriage. However, she did nothing to assert her claim that she was to receive the property free and clear of any mortgage as part of the prenuptial agreement until after the death of Waldemar Luedtke.

Since the antenuptial agreement is not ambiguous and it is not apparent that anything is left out, parol evidence cannot be used to interpret the agreement. *S & H, Inc. v. Sladky* (1966), 32 Wis. 2d 686, 146 N. W. 2d 488.

We conclude that the trial court was in error in permitting parol evidence to be given to interpret the antenuptial agreement. Therefore, that portion of the judgment which directed the estate to pay the mortgage outstanding on the joint property in the approximate amount of $18,387.91 is reversed.

In view of our determination that the antenuptial agreement is not ambiguous, we need not reach the remaining issues.

*By the Court.*—That part of the judgment which directed the estate to pay the mortgage outstanding on the joint property in the approximate sum of $18,387.91 is reversed. In all other respects, the judgment is affirmed.