EDLIN, Individually and Personal Representative of the Estate of Harold Edlin, a/k/a Harold C. Edlin, Deceased, Appellant, v. SODERSTROM, and others, Respondents.

*No. 75–860. Submitted on briefs February 3, 1978.—*
*Decided April 5, 1978.*
(Also reported in 264 N. W. 2d 275.)

For the appellants the cause was submitted on the brief of *Dane F. Morey* and *Whelan, Morey & Ricci, S. C.* of Durand.

For the respondents the cause was submitted on the brief of *Karl J. Goethel* of Durand.

ABRAHAMSON, J.   On January 8, 1958, a seventy-year-old bachelor, Ole Wilhelm Soderstrom, sold 120 acres of farmland to Harold and Irene Edlin for $2,275. The Soderstrom acreage abutted the Edlin farm.   The deed was recorded in the office of the Pepin County Register of Deeds on January 17, 1958.

On February 6, 1958, at Soderstrom's request, the Edlins, by quit claim deed, reconveyed the land to Soderstrom for the same purchase price of $2,275.   The deed was recorded in the office of the Pepin County Register of Deeds on February 6, 1958.   The deed from the Edlins to Soderstrom contained the following clause:

"Grantors hereof [Edlins] are given the option to rent said premises from Grantee [Soderstrom] for the sum of $250 per year as long as they wish and said Grantee further promises and agrees hereby to give the Grantors hereof the first chance and opportunity to purchase the above described premises for the same consideration as above expressed in this deed and anytime in the future and during the lifetime of said Grantee that Grantee desires to sell said premises."

Harold exercised the rental option every year includ-
ing the year of his death in 1974. Irene had died in 1971;
Harold died May 13, 1974. During 1974 Harold sublet
the land to his son Joey who expended $1,927.63 for
repair and maintenance of fences on this land.

On August 5, 1974, after Harold Edlin's death, Soder-
strom sold the 120 acres to Allen and Suzanne Church
for $16,000 by warranty deed without notifying the Edlin
heirs or the personal representative of the Edlin estate.
The Churches gave First National Bank of Maiden Rock
a purchase money mortgage to secure the $16,000 loan.

After learning of the conveyance, Dale Edlin, as per-
sonal representative of Harold Edlin's estate and indi-
vidually, gave written notice of his desire to exercise the
"first right to purchase option" and tendered the sum
of $2,275 to Soderstrom by depositing the funds in the
office of the Clerk of Courts for Pepin County. Edlin
then brought an action, individually and as personal rep-
resentative of the Estate of Harold Edlin, deceased, de-
manding that Soderstrom specifically perform the "first
right to purchase agreement" by conveying the land to
him for $2,275 and demanding that the deed to the
Churches and the mortgage to First National be set aside.

The trial court set aside the deed and mortgage, al-
lowed the Edlin estate to continue to exercise the lease
option, and refused to require Soderstrom to sell the
property to the Edlin estate for $2,275.

## I.

On June 3, 1976, Edlin served a notice of appeal which
states that the appeal is from the judgment entered "in
favor of the defendants [Soderstrom et al.] against the
plaintiff [Edlin] and from the whole thereof." On June
4, 1976, Edlin served an amended notice of appeal which
states that the appeal is from a judgment "in favor of
the plaintiff [Edlin] and against the defendants [Soder-

strom] and from subparagraphs A, B, C and D of paragraph 2 thereof. . . ."[1]

[1] The pertinent parts of the judgment are:

"1. IT IS HEREBY ORDERED AND DECREED that the deed executed and delivered by Harold Edlin and Irene Edlin to the defendant, Ole Wilhelm Soderstrom . . . created a valid first right to lease said premises in Harold Edlin, Irene Edlin and their heirs and assigns for an annual rent of $250.00 per year so long as Ole Wilhelm Soderstrom lives and that said option to lease terminates upon the death of said Ole Wilhelm Soderstrom.

"2. IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that the deed executed and delivered by Harold Edlin and Irene Edlin to the defendant, Ole Wilhelm Soderstrom, on February 6, 1958 and recorded on February 6, 1958 at 2:30 p.m. in Volume 21 of Deeds, page 157 as document #52423 in the office of the Pepin County Register of Deeds wherein the following described real estate was conveyed:

" 'The Southeast Quarter (SE ¼) of the Southwest Quarter (SW ¼) of Section 4 and the North Half (N ½) of the Northwest Quarter (NW ¼) of Section 9, all in Township 23 North, Range 15 West.'

created for a valuable consideration, a valid first right to purchase option in Harold Edlin, Irene Edlin, their personal representatives, heirs and assigns which survives the death of Harold Edlin and Irene Edlin and terminates upon the death of Ole Wilhelm Soderstrom and the said option language in said deed, to-wit:

" 'Grantee further promises and agrees hereby to give to the Grantors hereof the first chance and opportunity to purchase the above described premises for the same consideration as above expressed in this deed and any time in the future and during the lifetime of said Grantee that Grantee desires to sell said premises.'

is construed to mean:

"A. If Ole Wilhelm Soderstrom desires to sell said property during his lifetime for $2275.00, Harold and Irene Edlin have the first right to purchase said real estate for that sum.

"B. That Ole Wilhelm Soderstrom has restricted his right to offer his real estate to any other party at any other price without first deciding and offering to sell said property to Harold and Irene Edlin for $2275.00.

"C. That the term 'desires to sell' is interwoven with and cannot be separated from the consideration to be received and that 'de-

Edlin's brief describes the appeal as involving "only that part of the judgment of the court which construes the language of the real estate repurchase option involved in this lawsuit so as to deny specific performance." Soderstrom's brief was filed on October 27, 1976. It adopts Edlin's description of the nature of the appeal, but asserts that the option did not survive the Edlins' death and that the option is invalid because it was not signed by Soderstrom, it lacks consideration, and it is vague. No reply brief was filed by Edlin.

On January 23, 1978, Edlin wrote the court pointing out that because Soderstrom did not appeal from any portion of the judgment, Soderstrom is bound by the trial court's decision on the issues of the option surviving the Edlins' deaths and the validity of the option. We agree with Edlin that the issues briefed by Soderstrom are not before this court.

---

sires to sell' at $16,000.00 does not infer or establish 'desire to sell' at $2275.00.

"D. That if Ole Wilhelm Soderstrom does not desire to sell his land to the Edlins during his lifetime for $2275.00, the option rights of the Edlins then expire with the death of Ole Wilhelm Soderstrom.

"3. IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that in view of the finding, that the defendant, Ole Wilhelm Soderstrom did not offer to sell said real estate to the personal representative of the Estate of Harold Edlin, deceased, or to the heirs and assigns of Harold Edlin prior to conveying the same to Allen L. Church and Suzanne M. Church . . . contrary to the terms of said option, the warranty deed from Ole William Soderstrom, grantor, to Allen L. Church and Suzanne M. Church, . . . is rescinded, cancelled and set aside and the consideration therefor returned to said purchasers.

"4. IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that the real estate mortgage executed and delivered by the defendants, Allen L. Church and Suzanne M. Church to the First National Bank of Maiden Rock . . . be and the same hereby is rescinded, cancelled and set aside and the consideration therefor shall be returned to said mortgagee. . . ."

Sec. 817.11, Stats., describes how an appeal is taken and the contents of the notice of appeal.

"(1) An appeal is taken by serving a notice of appeal signed by the appellant or his attorney on each party adverse to him upon the appeal who appeared in the action or proceeding, and by filing a notice of appeal with the clerk of the court in which the judgment or order appealed from is entered. *The notice shall state whether the appeal is from the whole of the judgment or order or from a part thereof, and if from a part only, shall specify the part appealed from.* On appeals from a judgment the appellant shall serve the notice of appeal upon all parties bound by the judgment who have appeared in the action. All notices of appeal shall contain the names and addresses of counsel, if known, for all parties upon whom service is required." (Emphasis added.)

Edlin's notice of appeal and amended notice of appeal may be viewed as inartfully drawn, but they show Edlin's intent to appeal only from part of paragraph 2 of the judgment which was the only part of the judgment which was not in Edlin's favor. Indeed Edlin's complaint had sought the relief granted by other portions of the judgment, and as to those parts of the judgment he is not an aggrieved party and cannot appeal. Sec. 817.10, Stats., limits an appeal to a party aggrieved.[2] *Gallagher v. Schernecker,* 60 Wis.2d 143, 148, 149, 208 N.W.2d 437 (1973).

Soderstrom failed to file a notice of appeal (cross-appeal) or a notice to review (sometimes termed motion) pursuant to sec. 817.12, Stats., which states:

---

[2] "817.10 Writ of error not essential, parties defined. Any judgment within s. 817.09 or any order defined in s. 817.33 may be reviewed before the supreme court upon an appeal by any party aggrieved. A party first appealing is the appellant. All others are respondents."

"817.12 All parties bound by appeal; additional parties; review on behalf of respondent. (1) A respondent adverse to the appellant upon the latter's appeal may have a review of any rulings prejudicial to him by serving upon the appellant at any time before the case is set for hearing in the supreme court a notice stating in what respect he asks for a reversal or modification of the judgment or order or portion thereof appealed from.[3]

"(2) A respondent may without serving the notice of review mentioned in subsection (1) have a review of any error, the correction of which would merely support the judgment or order appealed from.

"(3) If a respondent who is not adverse to the appellant on his appeal fails to appeal within 30 days after service upon him of notice of appeal or within the extended time therefor allowed by the trial court for cause shown and within the time allowed for appeal by the statute, he thereby waives his right of appeal.

"(4) When any respondent desires to review an order, judgment or portion thereof not appealed from, he shall within 30 days after service on him of notice of appeal take and perfect his appeal or be deemed to have waived his right so to appeal.

"(5) If a party required by subsection (3) or (4) to take an appeal to save his rights does appeal, he shall be subject in all respects to the same requirements that he would be if he were the original appellant and the rights of those served with his notice of appeal, to review rulings of the trial court by which they consider themselves aggrieved, shall be determined as though he were the original appellant.

---

[3] This case is decided on briefs without "hearing." Sec. 251.54, Stats., provides that the court may place cases on the summary calendar to be decided on briefs, without oral argument, *and without prior notice to the parties or their attorneys.* Thirty days' notice is required only for cases heard on oral argument. Sec. 251.49, Stats. However, court practice has been to give counsel for "on briefs" cases the same thirty days' notice as given counsel for "oral argument" cases. The case in bar was scheduled for consideration in February, 1978, and counsel were so advised on December 27, 1977.

"(6) The supreme court may order additional parties brought in upon their application or on that of any party to the appeal."

If Soderstrom were seeking a review of rulings prejudicial to him which required a change in subparagraphs A, B, C or D of paragraph 2 of the judgment he was required to serve a motion for review. If Soderstrom were seeking a review of the remainder of the judgment not appealed from, he should have cross-appealed. Currie and Heffernan, *Wisconsin Appellate Practice Procedure* 20 (1975); *Krause v. Krause,* 58 Wis.2d 499, 505, 206 N.W.2d 589 (1973); *Peterson v. Schreiber,* 71 Wis.2d 498, 504, 238 N.W.2d 722 (1976).

Soderstrom served neither a motion for review nor a cross-appeal. Even if we were willing to treat Soderstrom's brief as a motion for review or cross-appeal it would not be sufficient. Although Soderstrom's brief discusses the issue of the validity of the clause in question, it does not specify, as sec. 817.12(1) requires, in what respects Soderstrom desires a modification of subparagraphs A, B, C or D of paragraph 2 of the judgment. Indeed if Soderstrom's contentions are accepted, the entire judgment must be reversed. Because the brief was not filed within thirty days after service on Soderstrom of the notice of appeal, it does not comply with the requirements of a cross-appeal under sec. 817.12(4), Stats.

This court has refused to consider issues raised by respondents under similar situations. In *Estate of Leudtke,* 65 Wis.2d 387, 392, 222 N.W.2d 643 (1974), the appellant appealed only from that part of the judgment which ordered the estate to pay an outstanding mortgage. The appellant argued that the trial court misconstrued the prenuptial agreement (which the trial court held was valid) to allow this payment. The re-

spondent argued that the entire prenuptial agreement was void and that the widow was therefore entitled to the payment. Since the respondent's "issue does not involve an error, which, if corrected would merely support the judgment or order appealed from," and respondent did not file a notice to review or a cross-appeal, the court, citing sec. 274.12 (now sec. 817.12), refused to consider the issue raised by respondent.

Although Edlin did not move this court to strike Soderstrom's brief or to dismiss Soderstrom's "attempted" cross-appeal or motion for review, Edlin did not waive his objection to Soderstrom's failure to serve a cross-appeal or motion for review. In *In re Seliger's Estate,* 27 Wis.2d 323, 327–328, 134 N.W.2d 447 (1965), respondent filed a motion for review. The court held that the proper procedure was cross-appeal, but because the appellant did not move to dismiss the motion and participated in the merits of respondent's "cross-appeal" the appellant had waived the objection.

The case at bar can be distinguished from *Seliger:* Soderstrom did not file any notice whatever; Edlin did not file a reply brief or otherwise participate in the merits of the issues raised by Soderstrom. Edlin's retention of the Soderstrom's brief is not such participation as to constitute a waiver of objection to Soderstrom's attempt to enlarge the scope of the appeal. Sec. 807.07, Stats.; *State v. Van Duyse,* 66 Wis.2d 286, 294, 224 N.W.2d 603 (1975). On January 23, 1978, after Edlin was notified the case was scheduled for "on briefs consideration," Edlin wrote a letter requesting the court to consider sec. 817.12(1) and (4) in light of Soderstrom's failure to file a notice to review or a cross-appeal.

## *II.*

We now turn to the only question before us on appeal, that is, whether the trial court erred in construing the

language "desires to sell" and in not ordering Soderstrom to convey the property to Edlin for $2,275.

The deed from the Edlins to Soderstrom provides that the Edlins have the "first chance and opportunity to purchase . . . anytime . . . that [Soderstrom] desires to sell. . . ." Although the trial court and the parties refer at times to the rights of the Edlins in the property as an option, the deed in question does not create an option to buy. The deed reserved to the Edlins a right generally referred to as "a right of first refusal," "a first right to buy" or "the right of preemption." 1A Corbin, *Contracts,* sec. 261 (1963) ; 4 *Restatement of Property,* sec. 413(2)(a) (1944) ; *Old Mission Peninsula School District v. French,* 362 Mich. 546, 107 N.W.2d 758 (1961). Such a right has been described as follows:

"A right of pre-emption is a right to buy before or ahead of others, thus, a pre-emptive right contract is an agreement containing all the essential elements of a contract, the provisions of which give to the prospective purchaser the right to buy upon specified terms, but, and this is the important point, only if the seller decides to sell. It does not give the pre-emptioner the power to compel an unwilling owner to sell, and therefore is distinguishable from an ordinary option." Annot., *Preemptive Rights to Realty as Violation of Rule Against Perpetuities or Rule Concerning Restraints on Alienation,* 40 A.L.R.3d 920, 924 (1971).

Edlin's right to acquire the property in question is thus conditioned upon the willingness of Soderstrom to sell, and Edlin's right might be enforced by specific performance only where Soderstrom's willingness to sell has been proved.

Edlin argues that Soderstrom demonstrated a "desire to sell" the land when he conveyed the land to the Churches and that accordingly Soderstrom was required under the deed to sell the land to Edlin for $2,275. The

trial court did not accept Soderstrom's attempted sale for $16,000 as establishing his "desire to sell" the land as that phrase is used in the deed. Concluding that the "desire to sell" clause is interwoven with and cannot be separated from the consideration to be received from the sale, and that Soderstrom's "desire to sell for $2,275.00 cannot be inferred or required to be the same as the same desire to sell for $16,000," the trial court was unwilling to find that Soderstrom would have "desired to sell" had he realized that the first refusal clause was still effective. "The impetus," said the trial court, "which triggers the decision in almost all sales transactions is and must be the price." The trial court found, in effect, that Soderstrom sold the land at a price approximately seven times higher than the price stated in the first refusal clause in the mistaken belief that the Edlins' right to acquire the property did not survive the Edlins' death. Thus the "sale" at $16,000 did not establish a "desire to sell" under the terms of the deed.

The trial court's decision described the language of the deed as "somewhat ambiguous," leaving "something to be desired." The trial court commented that "the wording is vague and requires consideration in interpretation, but not such as would be so ambiguous it would be a nullity under the law."

The construction of the deed is a matter of law unless there is an ambiguity requiring words or terms to be construed by extrinsic evidence, in which event the question becomes one of fact. *RTE Corp. v. Maryland Casualty Co.,* 74 Wis.2d 614, 621, 247 N.W.2d 171 (1976). If the construction is a question of law it may be redetermined independently by this court on appeal. *Zweck v. D P Way Corp.,* 70 Wis.2d 426, 435, 436, 234 N.W.2d 921 (1975). If the construction is a question for the trier of fact, this court will not disturb such finding un-

less it is contrary to the great weight and clear preponderance of the evidence. *Baldwin v. Anderson,* 40 Wis.2d 33, 41, 161 N.W.2d 553 (1968).

In the case at bar the only testimony was that of the two Edlin sons. They testified as to the age of the Edlins and Soderstrom at the time of the original deed, the rental of the property, the repairs made by them, and the initiation of the law suit. No other witnesses were called by either Edlin or Soderstrom.

We need not determine whether the application of the first refusal clause to the facts at hand is to be treated as a question of fact or law. Considering the record before us and the equitable nature of the remedy of specific performance, we are unwilling to disturb the trial court's conclusion that Soderstrom did not "desire to sell" and that Edlin is not entitled to specific performance.

An action for specific performance is an equitable remedy and rests in the discretion of the court. Judicial discretion must, of course, be exercised in accordance with established rules and standards, but in the absence of an abuse of discretion the trial court's judgment will not be disturbed. *Depies-Heus Oil Co. v. Sielaff,* 246 Wis. 36, 41, 16 N.W.2d 386 (1944) ; *Heins v. Thompson & Flieth Lumber Co.,* 165 Wis. 563, 163 N.W. 173 (1917) ; 5A *Corbin on Contracts* sec. 1136 (1964) ; *Restatement of Contracts* sec. 358–370 (1932).

Courts have traditionally been unwilling to grant specific performance if the essential terms of the agreement are vague or uncertain. In *Krause v. Holand,* 33 Wis.2d 211, 214, 147 N.W.2d 333 (1967) we said "When one has clearly established the terms of his contract to

buy real estate, he is entitled to specific performance which is not to be denied by judicial arbitrariness. . . . [I]f the essential terms of the contract are not established with clarity, it is a proper prerogative of a court of equity to deny specific performance." *See also Restatement of Contracts* sec. 370 (1932).

The requirement of certainty in specific performance cases is obscure since a contract is not a contract unless the promises can be understood. In some cases the requirement of certainty means that the contract must be certain enough to permit the formulation of a reasonable and workable decree before specific performance will be granted. In other cases, the requirement of certainty has been viewed as flexible and broad enough to include the court's denial of specific performance to avoid an unfair result under the circumstances. Dobbs, *Handbook on the Law of Remedies* 62 (1973); Van Hecke, Leavell and Nelson, *Equitable Remedies and Restitution* (Cases and Materials) 40 (1973).

It appears that in the case at bar the trial court's interpretation of the contract included considerations of fairness. As the trial court noted in its decision on motion to reconsider, the contract "quite clearly gives Mr. Soderstrom the option to decide whether or not he wishes to sell. . . . [The Edlins] contracted for a possibility of return of the land and not a certainty. Accordingly from the standpoint of equity, the Edlins are not being denied what they bargained for if Mr. Soderstrom does not desire to sell at this time at the price named in the deed."

*By the Court.*—Judgment affirmed.