Carol L. Dodge, Plaintiff-Counterclaim-Defendant-Appellant-Cross-Respondent,
v.
James M. Schneider and Patricia A. Schneider, Defendants-Counterclaim-Plaintiffs-Respondents-Cross-Appellants.
No. 04-0187.
Court of Appeals of Wisconsin.
Opinion Filed: February 2, 2005.
Before Anderson, P.J., Brown and Nettesheim, JJ.
¶1 PER CURIAM.
Carol L. Dodge appeals from the judgment entered in the circuit court that dismissed her claim to a piece of real property. She argues on appeal that the circuit court improperly granted summary judgment to James M. Schneider and Patricia A. Schneider. The Schneiders argue on crossappeal that the circuit court erred when it denied them costs. We conclude that the issue before the circuit court was a question of law and that the circuit court properly granted summary judgment to the Schneiders. We further conclude that the Schneiders waived any challenge to the question of costs. Consequently, we affirm the judgment of the circuit court.
¶2 This case involves a boundary dispute between Dodge and the Schneiders. By summary judgment, the circuit court concluded that the Branch River represented the boundary line between their properties. The court interpreted a deed from 1884 which conveyed the property from the common owner of the land to the Schneiders' predecessor.[1] The property conveyed to the Schneiders' predecessor was described by the deed as bounded by a line: "running due west 34 rods to the so-called Branch River; thence along the bank of said river in a southeasterly direction ...." Dodge argued that her property includes real estate on both sides of the Branch River. In support of her argument, Dodge notes that the original common owner's conveyance contained a reservation for "the land therein overflowed or any part thereof by the Branch River ...." She claimed that her property included the property covered by this reservation, and that she is the true owner of a portion of the land west of the river under this reservation. The Schneiders argued that the river is the boundary of their property.
¶3 Based on the undisputed evidence, the circuit court determined that the distance to the bank of the river was more than thirty-four rods. Thus, the issue before the court was whether the property line was measured by the "thirty-four rods" language or by the "bank of the river" language. The court concluded that the "bank of the river" language controlled the issue.
¶4 Our review of the circuit court's grant of summary judgment is de novo, and we use the same methodology as the circuit court. M&I First Nat'l Bank v. Episcopal Homes Mgmt., Inc., 195 Wis. 2d 485, 496, 536 N.W.2d 175 (Ct. App. 1995). That methodology is well known, and we need not repeat it here. Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Id. at 496-97.
¶5 Dodge argues that summary judgment was inappropriate in this case because there were issues of fact in dispute. We disagree. The interpretation of the deed is a question of law. Edlin v. Soderstrom, 83 Wis. 2d 58, 69, 264 N.W.2d 275 (1978). While an ambiguity in a deed ordinarily presents a question of fact, id., here the relevant and controlling summary judgment evidence is the undisputed documentary evidence consisting of the deed and the reservation. True, the parties have offered additional evidence, but we deem none of it relevant, material, or helpful on the core question as to the meaning of the deed and the reservation.[2] The question is whether material facts, not irrelevant facts, are in dispute. Hilkert v. Zimmer, 90 Wis. 2d 340, 342, 280 N.W.2d 116 (1979). Thus, this case boils down to the interpretation of the written words in the deed. That exercise presents a question of law. Edlin, 83 Wis. 2d at 69.
¶6 Neither party disagrees with the circuit court's determination that the distance to the bank of the river is more than thirty-four rods. Thus, as the court correctly observed, the issue narrowed to which words of the deed controlledthe "thirty-four rods" measure or the "bank of the river" measure. In resolving that question, the circuit court determined that the bank of the river was the controlling phrase. This holding makes eminent sense in light of the very next metes and bounds language in the deed, which describes the ensuing property line as running along the bank of the river. This language would make no sense if the property line terminated at thirty-four rods, short of the river bank. This was a completely appropriate case for summary judgment and we affirm the circuit court's decision.
¶7 The Schneiders argue in the cross-appeal that the circuit court erred when it did not award them their taxable costs and fees. The record demonstrates that at the time the court gave its ruling on the summary judgment motion from the bench, it stated "no costs." At this point, the Schneiders did not object. Further, the order submitted for the court's signature contained the "no costs" provision. Because the Schneiders did not raise their objection to costs to the circuit court, the issue is waived. See State v. Rogers, 196 Wis. 2d 817, 828-29, 539 N.W.2d 897 (Ct. App. 1995). Consequently, we affirm the judgment of the circuit court.
By the Court.  Judgment affirmed.
NOTES
[1] The property was conveyed by various transactions over the years until it was conveyed to the Schneiders. Their deed contains the same language.
[2] For instance, both parties have provided affidavits reciting information or opinions of third parties as to their understanding of the area owned by the parties. Dodge has also supplied a tax bill and a map which are equally unhelpful in interpreting the calls of the deed.